H.G. PERKINS, Plaintiff-Appellant,

v.

INSURANCE COMPANY OF NORTH AMERICA, Defendant-Appellee.

No. 85–4753.

United States Court of Appeals, Fifth Circuit.

Sept. 12, 1986.

---

1. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

2. Id. 466 U.S. at 688–89, 104 S.Ct. at 2065.

Jim Brantley, Snow & Brantley, Paul Snow, Jackson, Miss., for plaintiff-appellant.

David H. Nutt, Susan Fowler Brown, Jackson, Miss., for defendant-appellee.

Before GARWOOD and HILL, Circuit Judges, and WILL,* District Judge.

GARWOOD, Circuit Judge:

In this Mississippi law diversity case, the district court granted defendant-appellee Insurance Company of North America's (INA) motion for summary judgment, holding that under Miss. Code Ann. § 83–11–101(1) plaintiff-appellant H.G. Perkins, a passenger in his employer's truck who was injured in an accident while both the co-employee uninsured driver and Perkins were acting within the course of their employment, was not entitled to uninsured motorist benefits, despite a provision in the INA insurance policy on the truck issued to Perkins' employer that excluded from liability coverage all worker's compensation-covered injuries to the employer's employees. The district court held that worker's compensation was Perkins' exclusive remedy and dismissed his claim. We affirm.

**Facts and Proceedings Below**

The facts are undisputed. In February 1985, Perkins, an employee of the Deviney Company, and two co-employees were working at a job site in Hinds County, Mississippi when they were directed to take their employer's dump truck to another job site. Perkins was a passenger in the truck; one of the other two Deviney employees was the driver. While en route, the three employees were involved in an accident in which the truck rolled over one or more times. Only Perkins was injured. Perkins thereafter filed a claim for worker's compensation benefits, and he was paid a lump sum settlement. Perkins' injuries clearly occurred in the course of his employment, a requisite to obtaining worker's compensation benefits. Despite this settlement, Perkins now seeks to recover against INA, his employer's automobile liability insurance carrier, for the injuries he sustained in the accident. As his basis for recovery, Perkins alleges negligence on the part of the driver, his co-employee, who was personally uninsured.

Perkins made demand upon INA for payment of uninsured motorist benefits to which he claimed he was entitled under his employer's INA policy and Mississippi law. The employer had liability insurance with INA in force on the vehicle at the time of the accident, but due to the exclusions contained in the policy the liability insurance was not applicable to Perkins' claim. Thus, Perkins alleged that he was eligible to claim benefits under the uninsured motorist provision of the INA policy, benefits that are required to be provided under

* District Judge of the Northern District of Illinois, sitting by designation.

Miss. Code Ann. § 83–11–101(1). After Perkins filed suit against INA, his employer, which was self-insured for worker's compensation as authorized by Miss. Code Ann. § 71–3–75, filed a motion to intervene, claiming it was entitled to subrogate the worker's compensation benefits it paid Perkins against any uninsured motorist recovery he might obtain. The district court allowed intervention.

INA moved for summary judgment, claiming that Perkins was barred by the exclusive remedy clause of Mississippi's worker's compensation statute, Miss. Code Ann. § 71–3–9, from recovering against his employer's uninsured motorist carrier. INA also claimed that this exclusivity extends to suits against co-employees. Consequently, INA claimed that Perkins could not recover under the uninsured motorist statute and was relegated solely to the worker's compensation benefits he had received. The parties admitted for purposes of the motion for summary judgment that "the driver/co-employee did not have a personal automobile liability policy in effect." The district court granted INA's motion for summary judgment. This appeal by Perkins follows.

### Discussion

Summary judgment is appropriate if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Our standard on appeal is the same as that for the district court. 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure*, § 2716 at 654 (2d ed. 1983); *see also Simon v. United States*, 711 F.2d 740, 743 (5th Cir.1983); *Miles v. American Telephone & Telegraph, Inc.*, 703 F.2d 193, 194 (5th Cir.1983). Here the facts are undisputed. We determine whether the district court correctly applied Mississippi law in holding that the uninsured motorist benefits under an employer's automobile insurance policy are not, as a matter of law, available to one of the employer's employees whose injury for which recovery is sought is covered by the Mississippi worker's compensation statute and is caused by the negligence of an uninsured co-employee driving the employer's vehicle in the course of his employment.

Perkins asserts that he was excluded from liability coverage under his employer's INA liability insurance policy on his employer's truck in which he was riding when injured. The policy covers as an insured not only Perkins' employer, Deviney, owner of the truck, but also, with exceptions not here material, those using it with Deviney's permission. The policy further provides with respect to liability coverage:

"This insurance does not apply to:

" . . . .

"2. Any obligation for which the insured or his or her insurer may be held liable under any workers' compensation or disability benefits law or under any similar law.

" . . . .

"4. Bodily injury to any fellow employee of the insured arising out of and in the course of his or her employment.

"5. Bodily injury to any employee of the insured arising out of and in the course of his or her employment by the insured. However, this exclusion does not apply to bodily injury to domestic employees not entitled to workers' compensation benefits."

Perkins asserts that the above-quoted policy provisions excluded from the policy's liability insurance coverage any liability which his employer or his co-employee, the driver, might have to him on account of his injuries sustained in the accident, because it occurred during the course of his and his co-employee's employment and he received worker's compensation benefits in respect to those injuries. Accordingly, Perkins claims that with respect to his injuries in this accident the driver of the vehicle, his co-employee, and its owner, his employer, are each not covered by liability insurance, and that Perkins should therefore be entitled to uninsured motorist benefits, which Mississippi requires all motor vehicle insurers to provide in their insurance policies.

*See* Miss. Code Ann. § 83–11–101(1).· Further, Perkins asserts that the Uninsured Motor Vehicle Act, Miss. Code Ann. § 83–11–101 *et seq.*, "is to be liberally construed so as to provide coverage, and exceptions from coverage are to be strictly construed." *State Farm Mutual Automobile Insurance Co. v. Nester*, 459 So.2d 787, 788 (Miss.1984). The Mississippi Supreme Court in *Rampy v. State Farm Mutual Automobile Insurance Co.*, 278 So.2d 428, 432 (Miss.1973), stated: "In interpreting similar, if not identical statutes, the vast majority of jurisdictions have stated that the purpose of such uninsured motorist laws is to provide protection to innocent insured motorists and passengers injured as a result of the negligence of financially irresponsible drivers." *See Hodges v. Canal Insurance Co.*, 223 So.2d 630 (Miss. 1969). Perkins particularly relies on *Preferred Risk Mutual Insurance Co. v. Poole*, 411 F.Supp. 429 (N.D.Miss.), *aff'd per curiam*, 539 F.2d 574 (5th Cir.1976), which held that an employee injured in the scope of his employment may recover from his employer's insurance carrier under the uninsured motorist provision of the policy because of a policy exclusion in the liability portion of the policy for injuries caused by a co-employee. Perkins asserts that the *Poole* decision has been fully accepted by the Mississippi courts. *See State Farm Mutual Automobile Insurance Co. v. Nester*, 459 So.2d at 791–92.

We reject Perkins' contentions. Under the Mississippi uninsured motorist statute, Perkins is entitled to benefits from INA only if he is legally entitled to recover his damages from the owner or operator of an uninsured vehicle. The Mississippi uninsured motorist statute provides:

"No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement or provisions undertaking to pay the insured all sums *which he shall be legally entitled to recover as damages* for bodily injury or death *from the owner or operator of an uninsured motor vehicle.*" Miss.Code Ann. § 83–11–101(1) (emphasis added).[1]

The uninsured motorist coverage of INA's policy mirrors Mississippi law in this regard, stating: "We will pay all sums the insured is *legally entitled to recover as damages* from the owner or driver of an uninsured motor vehicle." (Emphasis added.)

We find that under Mississippi law and the INA insurance policy Perkins was not "legally entitled to recover" from the owner or operator of the INA insured truck any damages for injuries resulting from the accident, and thus he was not entitled to uninsured motorist benefits from INA. In Mississippi, worker's compensation benefits are an employee's exclusive remedy against his employer for injuries sustained in the course of his employment. Section 71–3–9, Miss.Code Ann., entitled "Exclu-

1. Section 83–11–103, Miss.Code Ann., contains definitions for this purpose of, *inter alia,* "insured" and "uninsured motor vehicle," the here pertinent portions of which are as follows:
"As used in this article:
"....
"(b) The term 'insured' shall mean the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies, and a guest in such motor vehicle to which the policy applies, or the personal representative of any of the above. The definition of the term 'insured' given in this section shall apply only to the uninsured motorist portion of the policy.

"(c) The term 'uninsured motor vehicle' shall mean:
"(i) A motor vehicle as to which there is no bodily injury liability insurance; or
"(ii) A motor vehicle as to which there is such insurance in existence, but the insurance company writing the same has legally denied coverage thereunder or is unable, because of being insolvent at the time of or becoming insolvent during the twelve (12) months following the accident, to make payment with respect to the legal liability of its insured; or
"(iii) An insured motor vehicle, when the liability insurer of such vehicle has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist coverage;...."

siveness of Liability," provides that: "The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee.... " *See also Williams v. Munford, Inc.*, 683 F.2d 938, 940 (5th Cir.1982), *Ray v. Babcock and Wilcox Co.*, 388 So.2d 166, 168 (Miss.1980); *Taylor v. Crosby Forest Products*, 198 So.2d 809, 812 (Miss. 1967). Further, it is clear that under the Mississippi worker's compensation statute an employee injured in the scope of his employment by the negligence of a co-employee may not recover from the co-employee because worker's compensation is the injured employee's exclusive remedy for work-related injuries against either his employer or his co-employees. *See, e.g., McCluskey v. Thompson*, 363 So.2d 256 (Miss.1978); *Stubbs v. Green Brothers Gravel Co., Inc.*, 206 So.2d 323 (Miss.1968). Consequently, Perkins is *not legally entitled to recover damages* from the owner of the INA insured vehicle, his employer, or from the vehicle's operator, his co-employee. Thus, under the clear edict of Miss. Code Ann. § 83–11–101(1), Perkins is not entitled to uninsured motorist benefits from INA.

We also note that to hold INA liable in this instance would create the anomaly that Perkins would be better off with the driver uninsured than if the driver had carried an adequate personal liability insurance policy providing coverage for the driver's liability. If the driver had such a personal policy, then there could be no uninsured motorist claim by Perkins because the driver would be insured. However, in a suit against the driver, Perkins would not be able to preclude the operation of the exclusive remedy clause of Mississippi's worker's compensation statute because the driver could assert his co-employee immunity. *See McCluskey*, 363 So.2d at 259. Thus Perkins, under his argument, achieves a greater overall recovery than he would if the driver were adequately insured. We doubt that the uninsured motorist statute was intended to produce such a result.

No Mississippi court has spoken to the interrelationship between the exclusive remedy clause of the Mississippi worker's compensation statute and the broad coverage policy of the uninsured motorist statute. However, a noted treatise has taken stock of this situation and stated:

> "Ordinarily, for the uninsured motorist clause to operate in the first place, *the uninsured third person must be legally subject to liability. Thus, if the third person is specifically made immune to tort suit by the compensation act's exclusive remedy clause, the uninsured motorist provision does not come into play.* In the familiar example of coemployee immunity, the issue thus becomes whether the accident was in the course of employment; if it was, the uninsured motorist carrier has no liability." Larson, 2A *Workmen's Compensation Law* § 71.23(j) at 14–37 (1983) (emphasis added).

This appears to be the emerging rule in other jurisdictions having uninsured motorist statutes equivalent to Mississippi's. *See, e.g., Williams v. Country Mutual Insurance Co.*, 28 Ill.App.3d 274, 328 N.E.2d 117 (1975); *Peterson v. Kludt*, 317 N.W.2d 43, 49 (Minn.1982); *O'Dell v. State Farm Mutual Automobile Insurance Co.*, 173 Ind.App. 106, 362 N.E.2d 862 (1977); *Gray v. Margot, Inc.*, 408 So.2d 436 (La.App. 1981).

We find that the cases cited by Perkins in support of his position are inapposite. Although at first glance it seems that worker's compensation may well have been applicable in *Poole* because it concerned a tort in the workplace by an employee within the scope of his employment, nevertheless the *Poole* opinion gives no direct indication one way or the other as to whether worker's compensation was in fact involved or at issue there. Other indications in *Poole* concerning worker's compensation suggest that it was not at issue. For instance, the district court wrote that the personal injury claimants (who were defendants in *Poole* as it was an action by the insurance carrier for declaratory relief) were seeking to interpret the Mississippi Vehicle Safety Responsibility Act (not at

issue here) as "prohibiting liability coverage only which would duplicate the benefits under workmen's compensation, *since in cases of that character the applicable workmen's compensation act provides the exclusive remedy for employees against the employer.*" *Id.* at 429 (emphasis added). Later, Judge Keady wrote that section 5A of the Mississippi Vehicle Safety Responsibility Act "can possibly be read as a duplication of workmen's compensation benefits. ..." Although both references were in response to an alternative contention before the specifics of the uninsured motorist statute were discussed, it is arguable that in *Poole* there was no assertion of claims which were exclusively covered by

the worker's compensation laws.[2] Thus a worker's compensation exclusivity argument may well have been unavailable to the carrier in *Poole.*[3] In any event, it is clear that *Poole* did not address any such argument and that *Poole* does not on its face reflect that such an argument was available.

Further, we find that cases from other jurisdictions relied on by Perkins are not analogous to the instant case. In *Rankin v. West American Insurance Co.,* 84 Cal. App.3d 829, 149 Cal.Rptr. 57, 61 (1978), the California Court of Appeals held that uninsured motorist benefits could be recovered by an injured employee after the employee

**2.** INA hypothesizes that perhaps some exception to worker's compensation coverage exempted the employer in *Poole* from coverage, such as having less than five employees. Miss.Code Ann. § 71–3–5. This is plausible, but the *Poole* opinion gives no hint whether it was actually the case.

**3.** We observe that in *Nester,* 459 So.2d at 792–93, the Mississippi Supreme Court held that Mary Nester, a passenger in the car titled in her name but covered by the automobile insurance policy of her father, with whom she lived, could recover under its uninsured motorist coverage for her injuries caused by the negligence of the driver, an unrelated friend of Mary's having no policy of his own, who was driving with Mary's permission but against her father's directions, the father's policy excluding liability coverage of the driver in such instances either by its provision excluding coverage for those driving without permission or by its provision excluding coverage for claims by Mary against permissive users. Perkins relies on *Nester* because of its disavowal of *Aitken v. State Farm Mutual Automobile Insurance Co.,* 404 So.2d 1040 (Miss. 1981). In *Aitken,* the Mississippi Supreme Court denied uninsured motorist recovery to Robin Black who was riding as a passenger in her own car and was injured by the negligence of the driver, Thomas Aitken, the latter having previously allowed his own automobile policy to lapse. In *Aitken,* as its initial ground of decision, the court ruled that Robin's car could not be an uninsured vehicle since it was covered by her own automobile insurance policy, holding in this connection that uninsured motorist coverage applied only to injuries caused by *"another and separate motor vehicle* owned or operated by a person who did not have liability insurance on his automobile," 404 So.2d at 1043 (emphasis added). The *Aitken* court then went on to also deny uninsured motorist coverage

"on another ground," *id.,* pointing out that about six months after the accident, but some two months prior to filing suit, Robin and Thomas had become husband and wife, and thus when she filed her uninsured motorist suit Robin could not recover damages from her then husband Thomas, with the result that she could not recover under the uninsured motorist provisions of her policy in respect to Thomas' negligence. *Id.* at 1044–45. Perkins would have us read *Nester's* disavowal of *Aitken* as going to this second ground of decision. This is plainly incorrect. What *Nester* criticized was the first ground of decision in *Aitken. See Nester,* 459 So.2d at 792. That was, moreover, the only *Aitken* ground of decision which was relevant to *Nester,* for *Nester* did not involve a situation in which Mary did not have (or was even claimed not to have) a legal right to recover her damages from the uninsured driver of her car. Indeed, *Nester* can be read as approving the second ground of decision in *Aitken,* for that ground is noted in *Nester* without criticism and is there described as occupying "[t]he bulk" of the *Aitken* opinion, 459 So.2d at 792, and *Nester* concludes its discussion of *Aitken* by saying, "Any language in that opinion contrary to today's decision is mere dictum and is hereby expressly disfavored." 459 So.2d at 793. The only *Aitken* language contrary to *Nester,* and hence the only language "disfavored" and described as dicta, is that in the *Aitken* first ground of decision; if that is dicta, then the holding, which *Nester* does not question, must be the second ground, namely, the interspousal immunity ground.

Similarly, *Nester's* approving discussion of *Poole, see* 459 So.2d at 791–92, concerns the issue of whether a vehicle is uninsured and the rule that an insurance policy cannot exclude coverage mandated by the uninsured motorist statute, but does not relate to the effect of the driver and owner not being liable to the claimant.

had recovered worker's compensation benefits. However, in *Rankin*, the court held:

> "Section 11580.2 [of the California Insurance Code] contemplates that a worker who is entitled to worker's compensation for an injury caused by the negligence of a third party may also make a claim for uninsured motorists coverage where it is applicable, but subdivision (h) provides that his recovery under the uninsured motorists coverage shall be reduced by the amount paid under the worker's compensation law." *Id.*, 149 Cal.Rptr. at 61.

Thus in *Rankin* there was a legislative set off expressly directed to the interaction between the worker's compensation act and the uninsured motorist statute, a situation clearly not present here. Moreover, we find that the tort immunity cases cited by Perkins are also inapplicable here because in those cases there is a complete denial of all benefits to the injured party because of the tort immunity. *See State Farm Insurance Co. v. Baldwin*, 470 So.2d 1230 (Ala. 1985) (on certification of the Eleventh Circuit [*State Farm Insurance Co. v. Baldwin*, 764 F.2d 773 (11th Cir.1985) ]) (holding that total immunity to a tort-feasor through the *Feres* [*Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950)] doctrine does not preclude uninsured motorist statute from applying). *See also* J. Appleman, *Insurance Law and Practice* § 5076.65 at 171–76 (1981). In these cases involving tort immunities, there exists a situation where there may be no compensation whatever from any source (including worker's compensation) for injuries incurred in an accident, and as the *Baldwin* court held, this result runs counter to the theme of providing coverage which underlies uninsured motorist statutes. *Id.* at 1234. Here, on the other hand, there is recovery under worker's compensation for this particular injury and the result is not a complete bar to any recovery by a claimant for his injuries. Moreover, the strong policy of the worker's compensation statutes is to statutorily define an employer's liability in the workplace to an injured employee, and this policy would be thwarted here if recovery were allowed under an employer's insurance policy for a tort, previously compensated, which was committed at the workplace. We also question whether worker's compensation is an "immunity" or whether it simply defines an exclusive remedy for an injury in the workplace for which compensation is provided.

We likewise reject Perkins' analogy to cases in other jurisdictions interpreting no-fault insurance coverage statutes. Perkins cites *Mathis v. Interstate Motor Freight System*, 408 Mich. 164, 289 N.W.2d 708 (1980), and *Hubert v. Citizens Insurance Company of America*, 88 Mich.App. 710, 279 N.W.2d 48 (1979), which involve recovery under Michigan's no-fault insurance system as well as under worker's compensation. We find these no-fault insurance cases to be distinguishable. As Larson, *supra* § 71.24(a) at 14–39, noted, "The typical no-fault statute [including that of Michigan] provides that the no-fault carrier may reduce the no-fault benefits by the amount of workers' compensation payable." Thus, in these no-fault cases recovery is allowed under both worker's compensation and the no-fault policy because the no-fault statute anticipated and provided for a reduction in benefits in the event worker's compensation benefits were awarded to an employee. *But see Wagner v. National Indemnity Co.*, 266 Pa.Super. 110, 403 A.2d 118 (1979) (holding that worker's compensation was exclusive remedy of employee for a car wreck in the course of the employee's business); *Turner v. Southeastern Pennsylvania Transportation Authority*, 256 Pa.Super. 43, 389 A.2d 591 (1978) (holding that section of Pennsylvania no-fault law that worker's compensation recovery be subtracted from no-fault award applies only if employee is using his own or a third party's vehicle in the course of his employment, but not where employee is driving or injured in his employer's vehicle). We note that Georgia, which has a no-fault law but no comparable set off provision, does not allow an employee injured on the job to recover no-fault benefits in addition to

those provided under its worker's compensation statute. *See Freeman v. Ryder Truck Lines, Inc.*, 244 Ga. 80, 259 S.E.2d 36 (1979). Hence, we find that whether no-fault recovery is available depends on the particular no-fault statute. Here, there is no comparable set off clause under Mississippi's uninsured motorist statute.

An explicit set off provision in an uninsured motorist or no-fault statute expressly directed to worker's compensation benefits indicates a legislative intention that the no-fault or uninsured motorist recovery not be excluded by the availability of worker's compensation benefits except only to the extent necessary to avoid a double recovery. We have no comparable legislative guidance before us, and we believe that Mississippi would follow what is apparently the majority rule among states that have considered this question and whose uninsured motorist statutes do not contain a set off clause directed to worker's compensation benefits.

Lastly, we are not persuaded by Perkins' argument that in suing INA under INA's insurance contract with his employer, and not his employer directly, he does not implicate the exclusive remedies clause of Mississippi's worker's compensation statute. However, the carrier's uninsured motorist liability is clearly derivative of the liability of the owner or operator of the vehicle, here Perkins' employer or co-employee. Section 83–11–101(1), Miss. Code Ann., specifically states that uninsured motorist benefits are available only if the claimant is "legally entitled to recover damages for bodily injury or death from the owner or operator of an uninsured motor vehicle." The statute speaks of the liability of the owner or operator, not the derivative liability of the insurance carrier.

In sum, Perkins, because of the provisions of the worker's compensation law, is not entitled to recover any of his herein claimed personal injury damages either from his employer, the owner of the truck covered by the INA policy, or from his co-employee, the driver of the truck. Perkins' attempted recovery of uninsured motorist benefits from INA, as insurer of the truck, is hence barred by the express provision of the uninsured motorist statute which only allows recovery of sums the claimant "shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle." We regard this statutory language as simply too unambiguous to admit of judicially created exception, and we believe the Mississippi courts would also so regard it. Further, even if the Mississippi courts might recognize some exceptions thereto, we do not believe that they would do so in this type of case where the uninsured motorist claimant has been compensated for his complained of injury under the Mississippi worker's compensation statute and it is that statute which bars his recovery from the vehicle owner, his employer, and its driver, his co-employee. We hold that the district court, experienced in the law of Mississippi, was correct in its grant of summary judgment against Perkins.

### Conclusion

Having reviewed the record in the light most favorable to Perkins, we find that there is no set of facts which would entitle Perkins to relief, and we accordingly affirm the judgment of the district court dismissing his suit.

AFFIRMED.