Patricia A. **DODSON,** Administratrix of the Estate of Elmer W. Dodson, Jr., Deceased, Plaintiff,

v.

**AETNA CASUALTY & SURETY COMPANY,** Defendant.

Civ. A. No. 86–0564–A.

United States District Court, E.D. Virginia, Alexandria Division.

Dec. 22, 1986.

John A. Blazer, R. Harrison Pledger, Jr., McLean, Va., for plaintiff.

Ignacio Britto Pessa, Arthur & Speed, Arlington, Va., for defendant.

## MEMORANDUM OPINION

CACHERIS, District Judge.

In this wrongful death action, plaintiff seeks a declaratory judgment that her decedent's uninsured/underinsured motorist policy ("UM policy") issued by defendant, Aetna Casualty & Surety Company ("Aetna"), provides coverage in addition to workmen's compensation benefits.[1] This case

---

1. Count II of plaintiff's Complaint seeking damages was dismissed by Chief Judge Albert V. Bryan, Jr. on July 18, 1986.

raises issues concerning the relative scope of protection provided by the Virginia Workmen's Compensation Act, Section 65.-1–1, et seq., Va.Code, and the Virginia Uninsured Motorist Statute, Section 38.2–2206, Va.Code.

On May 18, 1984, a dump truck owned by A.G. Van Metre Company ("Van Metre") and operated by a fellow employee struck and killed plaintiff's decedent, Elmer W. Dodson, Jr., a Van Metre construction supervisor. Plaintiff's widow, Patricia A. Dodson, is the Administratrix of the estate, and she receives workmen's compensation benefits for herself and one child. At the time of his death, Elmer W. Dodson, Jr. had an automobile insurance policy with Aetna providing $300,000.00 in uninsured/underinsured motorist coverage for automobile accident damages. In September, 1984, Aetna denied plaintiff's claim under the UM policy on the grounds that the Virginia Workmen's Compensation Act is her exclusive remedy.

## I

The facts are not in dispute, having been stipulated by the parties.

Plaintiff is a resident and citizen of Virginia. Defendant Aetna is a resident and citizen of Connecticut and has its principal place of business in Connecticut.

The UM policy issued by the defendant and referenced in the plaintiff's Motion for Declaratory Judgment is a true copy, and the premium had been paid. The policy was, therefore, in full force and effect on the date of Mr. Dodson's death. He was the named insured under the policy.

On May 18, 1984, Mr. Dodson was killed by a fellow employee of Van Metre in a motor vehicle accident. Both were engaged in the course of their employment at the time of the accident.

Mr. Dodson's survivors are receiving workmen's compensation benefits as a result of his death.

The accident in which Mr. Dodson was killed occurred in Virginia. He was a resident of Virginia, and the policy of insurance was delivered in Virginia.

Two state court actions have been filed in the Circuit Court for Fairfax County, Virginia, involving the accident: one is the state court equivalent of the instant proceeding for declaratory judgment, and the other is an action against the putative tortfeasors.

No action has been taken in either of the state court cases, nor has a judgment been obtained against either Van Metre or the fellow employee for damages arising out of this accident.

The vehicle owned by Van Metre and operated by Cardoso that struck and killed Mr. Dodson was covered by a general liability insurance policy. Because his survivors are receiving workmen's compensation benefits, however, coverage for Mr. Dodson's death would be denied under the terms of that policy. (Stipulation of parties).

## II

Plaintiff contends that she should be able to reach the Aetna uninsured/underinsured motorist policy. She argues that no judgment of liability is required prior to recovery, and that the exclusive remedy clause of the Workmen's Compensation Act should not prevent her claim. Additionally, she argues that the policy provision which offsets Aetna's liability by the amount of her workmen's compensation benefits is contrary to law.

Aetna argues that Virginia law requires plaintiff to secure a judgment before she can recover under the UM policy, and that the policy must be read to incorporate the terms of the Virginia Uninsured Motorist Statute, Section 38.2–2206, Va.Code. Finally, Aetna asserts that the UM policy provision offsetting workmen's compensation payments applies only to actions in which third parties have caused the injury and has no relevance here.

This suit is based on diversity of citizenship and is brought pursuant to 28 U.S.C. § 1332. The policy was issued in Virginia and the accidents occurred in Virginia. Hence, for this reason, Virginia law governs. *Erie v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). This is a

case of first impression in Virginia: No court has yet defined the precise relationship between the exclusive remedy clause of the Workmen's Compensation Act and the broad coverage policy of the Uninsured Motorist Statute.

An analysis of this case must begin with an examination of the statute and the applicable policy provisions. The statute provides for payment to the insured of "all sums that he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle." Section 38.2–2206(A), Va.Code. The UM policy issued by Aetna provides:

> Aetna Casualty will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of a bodily injury sustained by the Insured, caused by accident, and arising out of the ownership, maintenance or use of such uninsured highway vehicle; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so, the amount thereof, shall be made by agreement between the insured and Aetna Casualty, or, if they fail to agree, by arbitration.

An "uninsured highway vehicle" is defined as:

> a highway vehicle with respect to the ownership, maintenance of which there is ... no bodily injury liability bond or insurance policy applicable at the time of the accident ... or with respect to which there is a bodily injury liability bond or

insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder.

The parties have stipulated that the dump truck was covered by a general liability insurance policy, but that the employer's insurance is not applicable because workmen's compensation provides benefits. Plaintiff accordingly argues that coverage is "denied" and the dump truck is an "uninsured highway vehicle" as defined in the UM policy.[2]

■ The first question is whether plaintiff has to obtain a judgment before she can proceed against Aetna. Plaintiff asserts that "judgment" is not equivalent to "legally entitled to recover."[3] She interprets the policy to provide coverage for an insured who is killed or injured in situations where workmen's compensation benefits will be paid.[4]

While "legally entitled to recover" is not defined in either the Aetna policy or the Virginia UM Statute, neither the policy nor the statute expressly excludes the circumstances here. Plaintiff relies on several cases to support her argument that she is "legally entitled to recover" despite the fact that she cannot secure a judgment against the tortfeasor. In those cases, a formal judgment was not necessary to establish legal entitlement.

In *State Farm Mutual Automobile Insurance Co. v. Baldwin*, 764 F.2d 773, 778 (11th Cir.1985), for example, the court required an insurance company to provide coverage under a UM policy despite the

---

**2.** The statute defines "uninsured motor vehicle" even more broadly than the Aetna policy: An "uninsured motor vehicle" is "a motor vehicle for which (i) there is no bodily injury liability insurance and property damage liability insurance ..., (ii) there is such insurance but the insurer writing the insurance denies coverage *for any reason whatsoever.*" Section 38.2–2206(B), Va.Code (emphasis added). Plaintiff contends that this definition is evidence of broad legislative intent regarding UM coverage.

**3.** In this case, plaintiff could not obtain a judgment because of the exclusive remedy clause of the Workmen's Compensation Act. The exclusive remedy clause provides that "[t]he rights

and remedies herein granted to an employee ... shall exclude all other rights and remedies of such employee, [or] his personal representative ... at common law or otherwise, on account of such injury, loss of service or death." § 65.1–40, Va.Code.

**4.** With respect to workmen's compensation benefits, the contract itself is ambiguous. It provides only that:

> the amount paid and the present value of all amounts payable on account of such bodily injury or under any worker's compensation law, disability benefits law or any similar law....

shall operate to reduce the coverage amount.

tortfeasor's immunity under the Federal Tort Claims Act. Where plaintiff was barred by the FTCA from filing suit and securing a judgment, the Court prevented the insurance company from raising the government's immunity as a defense. There, it was undisputed that the plaintiff Baldwin was injured as a proximate result of the government employee's negligence. Plaintiff argues that, as in *Baldwin*, the negligence of Van Metre and Cardoso is established, and that it is in keeping with the broad coverage and compensation policy of the Virginia UM statute to provide coverage.

Other cases have similarly indicated that judgment is not a prerequisite to bringing suit. *See Murphy v. United States Fidelity and Guaranty Company*, 120 Ill. App.3d 282, 75 Ill.Dec. 886, 458 N.E.2d 54 (5th Dist.1983); *Guillot v. The Travelers Indemnity Company*, 338 So.2d 334 (La. App.1976), *cert. dismissed*, 341 So.2d 408 (La.1977); and *Vaught v. State Farm Fire and Casualty Company*, 413 F.2d 539 (8th Cir.1969). In the *Murphy* case, the court permitted recovery although the plaintiff could not obtain a judgment because the statute of limitations had run. In the *Guillot* case, suit was barred by the doctrine of interspousal immunity but plaintiff was awarded damages. In *Vaught*, the policy excluded coverage of state-owned vehicles, but the court held the carrier of the UM policy liable, despite plaintiffs' inability to obtain a judgment. In each of these cases, however, unlike here, the injured plaintiff was denied all benefits if the UM policy excluded coverage.

Defendant cites several cases holding that a judgment against the tortfeasor is a condition precedent to plaintiff's recovery. For example, in *Zurenda v. Holloman*, 616 F.Supp. 212 (E.D.Va.1985), the court noted, while considering whether the insurance carrier is a necessary party defendant in the initial action, that "judgment for the tort committed in the automobile accident is one of the elements necessary to recover on the contract of insurance in a contractual action against the insurance company." *Zurenda*, 616 F.Supp. at 214; *see also Midwest Mutual Insurance Co. v. Aetna Cas-*

*ualty & Surety Co.*, 216 Va. 926, 223 S.E.2d 901 (1976) (no right of contribution without judgment). In each of defendant's cited cases, however, the plaintiff had the ability to bring the suit, and the actions were for contribution after a voluntary assumption of liability.

A case more on point is *Perkins v. Insurance Co. of North America*, 799 F.2d 955 (5th Cir.1986). In *Perkins*, the Fifth Circuit addressed the relationship between the Mississippi Uninsured Motorist (UM) statute and Worker's Compensation Act. Under the Mississippi UM statute, a plaintiff receives benefits only if he is "legally entitled to recover his damages from the owner-operator of the uninsured motor vehicle." Like the Virginia statute, the Mississippi statute is to be "liberally construed so as to provide coverage, and exceptions from coverage are to be strictly enforced." *Id.* at 958. Also similar is the worker's compensation policy "to statutorily define an employer's liability in the workplace to an injured employee." *Id.* at 960.

Perkins, who was injured in a motor vehicle accident during the course of his employment, argued that he was "legally entitled" to benefits from his employer's insurer although he was receiving worker's compensation payments. The employer's liability policy specifically provided that it did not apply to Perkins' claim; the UM policy was silent. The court held that under Mississippi law, Perkins was not "legally entitled to recover" damages because "worker's compensation benefits are an employee's exclusive remedy against his employer or co-employee for injuries sustained in the course of his employment." *Id.* at 958. In this case, however, the plaintiff seeks recovery under her decedent's own policy, not the employer's policy. Hence, the policy underlying the Workmen's Compensation Act is less compelling. The plaintiff here is not seeking an indirect recovery against the employer through its insurer. She argues that her decedent's bargain with his employer has no relevance to his insurance contract. Here, Aetna is trying to graft the exclusive remedy clause onto the policy and assert it as a defense.

Moreover, the Fifth Circuit indicated that it might have reached a different result if the Mississippi UM statute had contained an explicit set off provision directed towards worker's compensation benefits: "An explicit set off provision in an uninsured motorist statute ... indicates a legislative intention that the ... uninsured motorist recovery not be excluded by the availability of worker's compensation benefits." *Id.* at 962. In the absence of such a set off provision, the Court gave greater effect to the worker's compensation exclusive remedy clause when an employee sought recovery against his employer's UM policy.

In this case, the Virginia statute contains no set off provision, but the contract of insurance clearly does. The Aetna policy states that coverage is reduced by:

> The amount paid and the present value of all amounts payable on account of such bodily injury or under any worker's compensation law, disability benefits law, or any similar law.

(Policy, Limits of Liability, Para. (C)(2), p. 3). Such a provision is evidence of Aetna's intent that the UM recovery not be excluded by the availability of workmen's compensation benefits.

The defendant argues that the set-off provision is directed only to the situation where the plaintiff is injured during the course of his employment by a stranger to the employment, and that it demonstrates no intent to waive the requirement of a judgment. *See Fidelity and Casualty Company of New York v. Futrell,* 211 Va. 751, 180 S.E.2d 502 (1971). In *Futrell,* the plaintiff recovered a judgment against the third party tortfeasor and the court declared that the UM policy provided coverage, despite his receipt of workmen's compensation benefits. The court did not consider the effect of an injury caused by a fellow employee, but merely determined that the facts brought Futrell within the coverage of the UM policy. *Id.* 180 S.E.2d at 503.

Defendant asserts that the policy must be read to incorporate the terms of the statute, *State Farm Mut. Auto. Ins. Co. v.*

*Duncan,* 203 Va. 440, 125 S.E.2d 154 (1962), and that provisions in the policy that conflict with the statute, either by adding to or taking from its requirements, are void and ineffective. *Bryant v. State Farm,* 205 Va. 897, 140 S.E.2d 817, 819 (1965). The statute has no set-off provision for workmen's compensation benefits, but it does contain the following:

> [The provisions of the statute] shall not apply to any policy of insurance to the extent that it covers the liability of an employer under any worker's compensation law, or to the extent that it covers liability to which the Federal Tort Claims Act applies. No provision or application of this Section shall limit the liability of an insurer of motor vehicles to an employee or other insured under this Section who is injured by an uninsured motor vehicle.

Section 38.2–2206(I), Va.Code. The last sentence of paragraph (I) was added to make it clear that the paragraph did not affect the liability of an insurer to an *insured* employee. *Aetna Cas. & Sur. Co. v. Kellam,* 207 Va. 736, 152 S.E.2d 287, 290 (1967) (UM benefits did not accrue to employer who became liable for worker's compensation payments to an employee injured by an uninsured motorist while in a motor vehicle owned by the employer). *Kellam* was limited to the situation where an employee is injured by a co-employee during the course of their employment by the named insured. *Futrell,* 211 Va. 751, 180 S.E.2d 502. Hence, the statute does not explicitly bar payment under a UM policy to an employee who is the named insured and who is injured in the course of his employment.

In this case, the policy language does not limit the set off to benefits paid as a result of injury by strangers. It appears to anticipate recovery by the instant plaintiff, and, under the legislative intent to liberally construe UM coverage, *Wood v. State Farm Mut. Auto. Ins. Co.,* 432 F.Supp. 41 (W.D. Va.1977) and *Tudor v. Allstate Ins. Co.,* 216 Va. 918, 224 S.E.2d 156 (1976), and the requirement that the court construe a contract against the author of the instrument,

*Graham v. Commonwealth,* 206 Va. 431, 143 S.E.2d 831, 834 (1965) and *Worrie v. Boze,* 191 Va. 916, 62 S.E.2d 876, 880 (1951), the court finds that plaintiff is "legally entitled to recover" under the Aetna UM policy. The policy does not expressly exclude these circumstances, but contains ambiguous language which anticipates damages payable in a workmen's compensation situation.

The UM statute "is primarily concerned with providing adequate compensation for an injured insured when other sources are lacking. A motorist pays an additional premium on his liability policy in order that he might be afforded coverage or protection in the event of an accident with an automobile that is uninsured." *Grossman v. Glens Falls Insurance Co.,* 211 Va. 195, 176 S.E.2d 318, 320–321 (1970). Here, plaintiff's decedent paid that premium; if her damages are not fully covered by workmen's compensation, she is legally entitled to recover against Aetna. Moreover, the exclusive remedy clause of the Workmen's Compensation Act is less applicable here than in *Perkins* as the plaintiff is seeking recovery against her decedent's own insurance company.

■ Plaintiff next argues that the set off provision is contrary to law and unenforceable. In ruling on the validity of such provisions, the courts are split. *See Uninsured Motorist Coverage: Validity and Effect of Policy Provision Purporting to Reduce Coverage by Amount Paid Under Workman's Compensation Law,* 24 ALR 3d 1369, 1371. This court finds the reasoning of the courts upholding the provision more persuasive. The set off is valid and enforceable and does not conflict with the Virginia UM statutory provisions. The statute is designed to place the injured person in substantially the same position as if the tortfeasor had been insured and to provide adequate compensation when other sources are lacking. *Grossman v. Glens Falls, Inc. Co.,* 211 Va. 195, 176 S.E.2d 318. If the workmen's compensation benefits are inadequate, plaintiff is entitled to prove and recover, up to the policy limits, the amount needed to compensate her fully. She should not, however, be permitted to recover more than her actual damages. This ruling is supported by *Perkins,* in which the Fifth Circuit indicated that a set off provision would be valid "only to the extent necessary to avoid a double recovery." *Perkins,* 799 F.2d at 962. Accordingly, where her decedent was the named insured, plaintiff may recover under her husband's UM policy for his death without securing a judgment, and Aetna may offset that recovery with the workmen's compensation benefits received.

An appropriate Order shall issue.

### ORDER

In accordance with the accompanying Memorandum Opinion, it is accordingly

ORDERED:

(1) that the plaintiff's Complaint for Declaratory Judgment is GRANTED, and plaintiff is given leave, in a separate proceeding, to establish fault and determine the full measure of damages with an off set for workmen's compensation coverage;

(2) that the clerk shall forward copies of this Order together with the accompanying Memorandum Opinion to all counsel of record.