# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 10, 2010

Lyle W. Cayce
Clerk

No.  09-60731

FREDERICK M.  SEIFERTH, representative of the Heirs at Law of James A. Seiferth, Deceased,

Plaintiff-Appellant,

v.

MARK CAMUS,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:03-cv-00463

Before JONES, Chief Judge, HIGGINBOTHAM and ELROD, Circuit Judges.

PER CURIAM:[*]

Appellant Frederick M. Seiferth appeals the district court's grant of summary judgment in favor of Appellee Mark Camus determining that Mississippi's Workmen's Compensation Act barred Seiferth's wrongful death action against Camus, a co-employee.  He also alleges that the district court erred in failing to find Camus's co-employee defense to be precluded by the "law of the case" doctrine, collateral estoppel, and res judicata.  In addition, he challenges the district court's denial of his motion to compel discovery of certain

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 09-60731

documents which he alleges are relevant to his claims against Seiferth.  For the following reasons, we AFFIRM.

## I.

In 2001, James Seiferth, an employee of Air2, LLC, fell to his death when the base of the helicopter-mounted work platform, on which he was standing, broke while the helicopter was in mid-flight.  The accident occurred near Indianola, Mississippi while Seiferth and the aircrew were flying from tower to tower during the inspection of a power transmission line.  Mark Camus[1] had designed and patented the external work platform for use with a helicopter.  Camus was a Tennessee domiciliary, and all of his design work was conducted in Florida, where he lived at the time.  Camus also served as Chief Pilot for Air2 at the time of the accident, but he was not piloting the aircraft from which Seiferth fell.  It is undisputed that Camus was not in Mississippi at the time of the accident, but he had inspected the work platform in Mississippi months before Seiferth's accident.

In 2003, Frederick Seiferth, representative of James Seiferth's heirs, sued Helicopteros Auternos, Inc., the lessor of the helicopter, and Mark Camus, in his capacities as designer of the external work platform and as Chief Pilot for Air2, in federal court on the basis of diversity jurisdiction. Seiferth brought four claims against Camus: defective design, failure to warn, negligence, and negligence *per se.*  The district court granted the defendants' motion to dismiss all claims for lack of personal jurisdiction, and it also denied Seiferth's request for limited jurisdictional discovery as to Helicopteros Atuneros.  Seiferth appealed to the Fifth Circuit, which affirmed in part and reversed in part.

With regard to the question of personal jurisdiction, the Fifth Circuit held that "[a] plaintiff bringing multiple claims that arise out of different forum

---

[1] Camus's name was misspelled "Camos" in the initial filings and in the first opinion of the district court on this matter.

contacts of the defendant must establish specific jurisdiction for each claim." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006). The court determined that Seiferth's first claim—defective design—arose from Camus's design of the work platform from which Seiferth fell, while the remaining three claims arose from Camus's contacts with Mississippi he established during his employment with Air2. Based on these employment contacts, the court concluded personal jurisdiction existed with regard to Seiferth's claims for negligence, negligence *per se*, and failure to warn. Accordingly, the court vacated the district court's dismissal of those claims and remanded for the court to determine whether the exercise of personal jurisdiction against Camus was fair and reasonable. By contrast, the Fifth Circuit affirmed the district court's dismissal of Seiferth's defective-design claim, concluding that personal jurisdiction was lacking where "[n]one of Camus's Mississippi contacts relate[d] to his design of the platform." *Id*. at 275. The Fifth Circuit also affirmed the district court's denial of limited jurisdictional discovery as to Helicopteros Atuneros.

On remand, the district court determined that the exercise of personal jurisdiction over Camus as to the remaining claims did not violate notions of fair play and substantial justice and denied Camus's motion to dismiss. During the case-management conference held in January 2008, Seiferth sought to discover documents relating to the design and licensing of the platform and communications with the Federal Aviation Administration regarding the platform. Camus's counsel would not agree. Seiferth filed a motion to compel the documents, which the court denied. Camus filed a motion for summary judgment, asserting that a Mississippi worker's compensation law barred tort claims filed against a co-employee. Concluding that Camus was an employee of Air2, and thereby Seiferth's co-employee, the court granted summary judgment on all claims in favor of Camus.

No. 09-60731

## II.

We review the district court's grant of summary judgment *de novo*. *See Paul v. Landsafe Flood Determination, Inc.*, 550 F.3d 511, 513 (5th Cir. 2008). Summary judgment is appropriate only when "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a fact issue exists, we review all facts and inferences in the light most favorable to the non-movant. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). After adequate time for discovery, Rule 56(c) "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "We review a district court's discovery decisions for abuse of discretion and we will affirm such decisions unless they are arbitrary or clearly unreasonable." *Moore*, 233 F.3d at 876 (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1441-42 (5th Cir. 1993)).

## III.

On appeal, Seiferth argues (1) that the district court's conclusion was collaterally estopped by the Fifth Circuit's decision in *Seiferth v. Helicopteros Atuneros, Inc.*; (2) the district court erred in concluding that Mississippi's Workmen's Compensation Act barred his claims against Camus; and (3) that the district court abused its discretion in denying his discovery request regarding the alleged defective design of the work platform. We address these arguments in turn.

4

No. 09-60731

First, Seiferth argues that the "law of the case" doctrine and the principles of res judicata and collateral estoppel prevented the district court from finding that Seiferth's claims against Camus were barred by the exclusive remedy provisions of Mississippi's Workmen's Compensation Act because the prior Fifth Circuit panel decision determined that Camus's co-employee defense was inapplicable. These arguments are without merit. "The law of the case doctrine provides that an issue of law or fact decided on appeal may not be examined . . . by the appellate court on a subsequent appeal." *Fuhrman v. Dretke*, 442 F.3d 893, 896 (5th Cir. 2006) (citation and internal quotation marks omitted). Similarly, collateral estoppel, or "issue preclusion," bars the relitigation of "issues actually adjudicated and essential to the judgment" in a prior litigation between the same parties." *Kaspar Wire Works, Inc. v. Leco Eng'g & Machine, Inc.*, 575 F.2d 530, 535-36 (5th Cir.1978). According to Seiferth, the Fifth Circuit made a finding that "the co-employee defense is precluded" by virtue of its statement that: "[i]n short, Camus is alleged to have directly participated in the commission of a tort in Mississippi. It is immaterial whether he did so within the scope of his Air 2 employment." *Seiferth*, 472 F.3d at 272. The court made this statement in the context of refuting Camus's argument that the Mississippi contacts he made through his employment could not be considered for the purpose of establishing personal jurisdiction; it did not suggest that Camus's status as a co-employee was "immaterial" to Seiferth's ability to ultimately prevail on his claims. Indeed, the court never even reached the merits of the case, as the opinion addressed only the issues of personal jurisdiction and jurisdiction discovery. Thus, Seiferth's arguments fail.

Seiferth also argues that the district court's grant of summary judgment was improper because material issues of fact existed as to whether Mississippi's Workmen's Compensation Act bars Seiferth's claims for relief where the decedent died as a result of Camus's actions in designing the mounted platform,

not from Camus's actions in his capacity as an Air2 employee. This argument is without merit. The Fifth Circuit's prior decision in *Seiferth* held that the district court lacked jurisdiction to consider Seiferth's defective design claim against Camus. *See Seiferth*, 472 F.3d at 277. Seiferth may not now attempt to escape this ruling by transforming his defective- design claim into his claims for negligence, negligence *per se*, and failure to warn. Consequently, we find no error in the district court's grant of summary judgment concluding that Seiferth's remaining claims against Camus are barred by the Mississippi Workmen's Compensation Act and the co-employee defense pursuant to *Perkins v. Insurance Co. of North America*, 799 F.2d 955 (5th Cir. 1986).[2]

Finally, Seiferth argues that the district court erred by denying his motion to compel discovery of documents "relating to design of the platform . . . and communications with the Federal Aviation Administration." We find that the court did not abuse its discretion in denying his motion. *See Moore*, 233 F.3d at 876. Accordingly, we AFFIRM the judgment of the district court.

AFFIRMED.

---

[2] *Perkins,* 799 F.2d at 959 ("[I]t is clear that under the Mississippi worker's compensation statute, an employee injured in the scope of his employment by the negligence of a co-employee may not recover from the co-employee because workers' compensation is the injured employee's exclusive remedy for work-related injuries against either his employer or his employees."); *accord Medders v. U.S. Fid. & Guar. Co.*, 623 So. 2d 979, 984 (Miss. 1993); *McClusky v. Thompson*, 363 So. 2d 256, 264 (Miss. 1978).