Patricia A. DODSON, Administratrix of the Estate of Elmer W. Dodson, Jr., deceased, Plaintiff–Appellee,

v.

AETNA CASUALTY & SURETY COMPANY, Defendant–Appellant.

Patricia A. DODSON, Administratrix of the Estate of Elmer W. Dodson, Jr., deceased, Plaintiff–Appellant,

v.

AETNA CASUALTY & SURETY COMPANY, Defendant–Appellee.

Nos. 87–3509, 87–3519.

United States Court of Appeals, Fourth Circuit.

Submitted May 2, 1988.

Decided July 15, 1988.

Ignacio Britto Pessoa, Alexandria, Va., Christopher K. Speed, Arthur and Speed, Ltd., Arlington, Va., on brief, for defendant-appellant.

John Allen Blazer, Crews & Hancock, Richmond, Va., R. Harrison Pledger, Jr., McLean, Va., on brief, for plaintiff-appellee.

Before WINTER, Chief Judge, and MURNAGHAN and SPROUSE, Circuit Judges.

MURNAGHAN, Circuit Judge:

Pursuant to Rule 5:42, this Court certified two questions of Virginia law to the Virginia Supreme Court. Because the Virginia Supreme Court conclusively answered the first question in the negative, we reverse.

## I.

On May 18, 1984, Elmer W. Dodson, Jr. was employed by A.G. VanMetre, Jr., Inc. as a construction site supervisor. While in the course of his employment, he was struck and killed by a truck owned by VanMetre, and being operated in the course of employment by a fellow VanMetre employee, Rogerio O.D. Cardoso. Dodson was survived by his widow, the plaintiff, and five children. The plaintiff and one dependent child filed for and are receiving workmen's compensation benefits paid by or on behalf of VanMetre. The plaintiff and five children are statutory beneficiaries under the Virginia Wrongful Death Act.

The plaintiff claims that the workmen's compensation benefits are both less than the damages provable under the Wrongful Death Act, and less than the applicable limit of liability ($300,000) of the uninsured motorist (UM) coverage contained in the Aetna policy issued to plaintiff's decedent for his own vehicle, used for his private purposes, and not utilized by the employer, VanMetre. The Aetna policy contained an UM endorsement, which provided: "The Company will pay ... all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle...." The plaintiff filed a claim against Aetna for payment under the UM coverage. When payment was denied, plaintiff filed suit in the federal district court, 649 F.Supp. 1455 (E.D.Va.1986). The basis for jurisdiction was diversity of the parties. All the operative events occurred in Virginia and it is not questioned by either party that the substantive law of Virginia controls.

The following questions were certified to the Virginia Supreme Court:

1. Does Virginia law permit recovery by an insured's estate under the UM provision of the insured's policy (paid for by the insured), where the insured was killed in a work-related motor vehicle accident and where the employer/vehicle owner and co-employee/vehicle operator both had insurance, but where the exclusive remedy clause of the Virginia Workmen's Compensation Act bars recovery under those other policies?

2. In the event Virginia law permits recovery under the circumstances in question one above, should the workmen's compensation benefits received by the insured's wife and children be set-off against the

insured's estate's UM recovery where the insured's policy contains a set-off provision?

## II.

The Virginia Supreme Court, 367 S.E.2d 505, explained that the phrase "legally entitled to recover as damages" in the UM policy interposed, as a condition precedent to the UM insurer's obligation, the requirement that the insured have a legally enforceable right to recover damages from an owner or operator of an uninsured motor vehicle. The Supreme Court held that this condition precedent was not met because workmen's compensation afforded the exclusive remedy against the decedent's employer and fellow employees and the statutory beneficiaries were not "legally entitled to recover" damages against them.

Therefore, under Virginia law, the exclusive remedy clause of the Virginia Workmen's Compensation Act barred recovery under the decedent's uninsured motorist insurance policy.

REVERSED.