447 S.E.2d 5

Shelby WISMAN and Earlene Wisman,
Plaintiffs Below, Appellants,

v.

WILLIAM J. RHODES AND SHAMBLIN
STONE, INC., a West Virginia Corpora-
tion; Continental Insurance Company, a
Corporation Licensed to do Business in
the State of West Virginia, formerly
Buckeye Continental Insurance Compa-
ny, a Corporation; and Allstate Insur-
ance Company, a Corporation Licensed
to do Business in the State of West
Virginia, Defendants Below, Appellees.

No. 21967.

Supreme Court of Appeals of
West Virginia.

Submitted March 8, 1994.

Decided July 11, 1994.

William W. Pepper, Pepper & Nason, Charleston, for plaintiffs.

Thomas V. Flaherty, Edward P. Tiffey, Flaherty, Sensabaugh & Bonasso, Charleston, for Defendant, Continental Ins. Co.

BROTHERTON, Chief Justice:

This case is before the Court upon a certified question from the Circuit Court of Mason County, West Virginia. The issue is whether the plaintiff, an accident victim who has received workers' compensation benefits, can also obtain uninsured motorist benefits even though the defendants are shielded from liability by grants of immunity contained in the Workers' Compensation Act, West Virginia Code §§ 23–2–6 and 6a.

The facts surrounding the accident are not in dispute. The plaintiff, Shelby Wisman, alleges that on July 5, 1990, the defendant, William J. Rhodes, negligently crossed the center of the highway and drove his truck into the truck that the plaintiff was operating, causing him serious, permanent injuries. The plaintiff and the defendant were both employees of the defendant, Shamblin Stone, Inc. The lower court concluded that both men were acting within the course and scope of their employment, operating trucks owned by Shamblin Stone.

Shamblin Stone is a participant in the West Virginia Workers' Compensation Fund, and the plaintiff received workers' compensation benefits for his injuries. Shamblin Stone maintained a liability insurance policy on the truck driven by the defendant, William J. Rhodes. However, that insurer denied coverage to the plaintiff on the grounds that the plaintiff was acting within the scope of his employment at the time of the injury and was covered by workers' compensation.

At the time of the accident, Shamblin Stone also had an insurance policy with the defendant, Continental Insurance Company, which insured the vehicle driven by the plaintiff. The policy language which addresses uninsured and underinsured motorist coverage provides, in part, that:

We will pay all sums the "insured" is legally entitled to recover as damages from the owner or driver of an "uninsured" or "underinsured" motor vehicle. The damages must result from "bodily injury" sustained by the "insured", or "property damage" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured" or "underinsured motor vehicle".

Continental maintains that the plaintiff is barred from recovering uninsured motorist benefits because he is not "legally entitled to recover" from defendants Rhodes and Shamblin Stone because the accident occurred while both were acting within the scope of their employment, and Shamblin Stone is a participant in the West Virginia Workers' Compensation Fund.

However, the plaintiff insists that Continental must pay him uninsured motorist benefits that he is "legally entitled to recover" within the meaning of the policy, and Continental may not raise the workers' compensation bar as a defense to the policy's contractual obligations.

By order entered December 30, 1992, the Circuit Court of Mason County certified the following question to this Court:

May the plaintiff, who is precluded by grants of immunity contained in the Workers' Compensation Act, W.Va.Code 23–2–6 and 6a from securing a judgment against defendants Shamblin Stone or Rhodes, nonetheless assert a claim under the uninsured or underinsured motorist provisions contained in the insurance policy issued by defendant Continental, pursuant to W.Va. Code 33–6–31, covering the vehicle plaintiff was driving at the time of the accident?

The circuit court answered the question in the affirmative.

■ "The Workmen's [Workers'] Compensation Act was designed to remove *negligently* caused industrial accidents from the common law tort system." *Mandolidis v. Elkins Industries, Inc.,* 161 W.Va. 695, 700, 246

S.E.2d 907, 911 (1978) (emphasis in original). West Virginia Code § 23–2–6 provides, in pertinent part, that an employer who subscribes and pays premiums into the Workers' Compensation Fund "shall not be liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring. . . ." "*W.Va.Code,* 23–2–6a [1949] extends the employer's immunity from liability set forth in *W.Va.Code,* 23–2–6 [1991] to the employer's officer, manager, agent, representative or employee when he is acting in furtherance of the employer's business and does not inflict an injury with deliberate intention." Syl. pt. 4, *Henderson v. Meredith Lumber Co., Inc.,* 190 W.Va. 292, 438 S.E.2d 324 (1993).[1] "This statutory immunity of a coemployee is not violative of the due process provisions of the State and Federal Constitutions because, like the employer, a coemployee is involved in a compromise of rights; among employees, the *quid pro quo* is that each employee surrenders his common law right to bring tort actions against other employees in return for immunity to their tort suits." *Deller v. Naymick,* 176 W.Va. 108, 342 S.E.2d 73, 76 (1985).

In *Deller,* this Court was asked whether the immunity from tort liability found in W.Va.Code § 23–2–6a is inapplicable to the extent that a doctor employed by a subscriber to the Workers' Compensation Fund or by a self-insured employer is covered by liability insurance. In holding that immunity from tort liability is not waived to the extent that liability insurance coverage is available, we discussed the purposes behind employee and coemployee immunity:

[T]he purpose of coemployee (and employer) immunity under the Workers' Compensation Act is to replace the common-law tort claims and defenses between or among employers and employees with the no-fault, *exclusive remedy of workers' compensation. Liability insurance coverage does not remove this reason for the rule, and allowing suits would emasculate the workers compensation system greatly.* For example, by the same theory, any employee covered by automobile liability insurance, which coverage is usually required by *W.Va.Code,* 17D–2A–3 [1982], would be subject to suit for an injury sustained by a coemployee in a motor vehicle accident in the course of and resulting from employment. Also, unlike governmental immunity (in the context of liability insurance coverage), coemployee (and employer) immunity under the Workers' Compensation Act does not result in a total denial of the right to apply for redress of grievances. Instead, the alternative workers' compensation remedies are available in lieu of the common-law remedies.

*Id.* at 80–81 (footnotes omitted) (emphasis added).

The fact that workers' compensation benefits are an exclusive remedy in Virginia was critical to the Supreme Court of Virginia's decision in *Aetna Casualty & Surety Co. v. Dodson,* 235 Va. 346, 367 S.E.2d 505 (1988), which presented an issue similar to the one that is now before us. In *Dodson,* the United States Court of Appeals for the Fourth

1. West Virginia Code § 23–2–6 (1994 Supp.) states that:

Any employer subject to this chapter who shall subscribe and pay into the workmen's compensation fund the premiums provided by this chapter or who shall elect to make direct payments of compensation as herein provided shall not be liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring, after so subscribing or electing, and during any period in which such employer shall not be in default in the payment of such premiums or direct payments and shall have complied fully with all other provisions of this chapter. The continuation in the service of such employer shall be considered a waiver by the employee and by the parents of any minor employee of

the right of action as aforesaid, which the employee or his or her parents would otherwise have: Provided, That in case of employers not required by this chapter to subscribe and pay premiums into the workers' compensation fund, the injured employee has remained in such employer's service with notice that his employer has elected to pay into the workers' compensation fund the premiums provided by this chapter, or has elected to make direct payments as aforesaid.

West Virginia Code § 23–2–6a (1985) then provides that the immunity from liability set out in § 23–2–6 "shall extend to every officer, manager, agent, representative or employee of such employer when he is acting in furtherance of the employer's business and does not inflict an injury with deliberate intention."

Circuit asked the Supreme Court of Virginia to answer the following certified question:

Does Virginia law permit recovery by an insured's estate under the UM provision of the insured's policy (paid for by the insured), where the insured was killed in a work-related motor vehicle accident and where the employer/vehicle owner and co-employee/vehicle operator both had insurance, but where the exclusive remedy clause of the Virginia Workmen's Compensation Act bars recovery under those other policies?

In response to the question posed by the Fourth Circuit Court of Appeals, the Supreme Court of Virginia reasoned that a condition precedent to the insurance company's liability under its uninsured endorsement was not met because "[t]he phrase 'legally entitled to recover as damages' interposes, as a condition precedent to the UM insurer's obligation, the requirement that the insured have a legally enforceable right to recover damages from an owner or operator of an uninsured motor vehicle." *Id.* at 508. The court concluded that "*[b]ecause workers' compensation afforded the exclusive remedy* against the decedent's employer and fellow employees for his accidental death, his statutory beneficiaries are not 'legally entitled to recover' damages against them." *Id.* (emphasis added).[2]

In its discussion, the Supreme Court of Virginia alluded to the fact that "[t]he parties have cited a number of cases in which other jurisdictions have considered similar questions, but most are inapposite because workers' compensation is not an exclusive remedy in those jurisdictions." *Id.* One noted ex-

ception was *Perkins v. Insurance Co. of North America,* 799 F.2d 955 (5th Cir.1986), a case governed by Mississippi law, which provided that workers' compensation was an injured employee's exclusive remedy for work-related injuries against his employer and his fellow employees. The Supreme Court of Virginia observed that Mississippi's uninsured or underinsured motorist law, virtually identical to Virginia's, was incorporated into the language of the subject insurance policy, and that in the absence of a ruling by the Mississippi courts, the federal court in *Perkins* turned to Professor Larson's treatise on workers' compensation:

"Ordinarily, for the uninsured motorist clause to operate in the first place, the uninsured third person must be legally subject to liability. Thus, if the third person is specifically made immune to tort suit by the compensation act's exclusive remedy clause, the uninsured motorist provision does not come into play. In the familiar example of coemployee immunity, the issue thus becomes whether the accident was in the course of employment; if it was, the uninsured motorist carrier has no liability." 799 F.2d at 959 (emphasis deleted) (quoting A. Larson, 2A Workmen's Compensation Law § 71.23(i) at 14–37 (1983) (1987 Supp. at 14–44).

*Dodson,* 367 S.E.2d at 508.

■ Like the Supreme Court of Virginia in *Dodson,* we agree with this analysis. We conclude that an employee who receives workers' compensation benefits for an injury that occurs within the course and scope of employment is not entitled to assert a claim

2. After the Supreme Court of Virginia answered the certified question, the Fourth Circuit reversed the United States District Court decision (649 F.Supp. 1455 (E.D.Va.1986)), stating that "under Virginia law, the exclusive remedy clause of the Virginia Workmen's Compensation Act barred recovery under the decedent's uninsured motorist insurance policy." *Dodson v. Aetna Casualty & Surety Co.,* 851 F.2d 736, 738 (4th Cir.1988).

*See generally* John P. Ludington, L.L.B., Annotation, *Automobile Uninsured Motorist Coverage: "Legally Entitled to Recover" Clause as Barring Claim Compensable Under Workers' Compensation Statute,* 82 A.L.R.4th 1096 (1990), in which the author addresses an issue similar to that

which is now before this Court: "Does the tort immunity of an employer or coemployee mean that an injured employee is not 'legally entitled to recover' from the employer or coemployee, and therefore cannot receive uninsured motorist benefits for vehicular injuries received in an accident arising out of, and in the course of, employment?" *Id.* at 1099. The author states that "[i]nsofar as the uninsured motorist coverage has been bought and paid for by someone other than the injured employee, the results have been uniform. The injured employee cannot recover uninsured motorist benefits under the uninsured motorist coverage in policies obtained by his or her employer, partner or the negligent coemployee." *Id.*

for uninsured or underinsured motorist benefits. Because of the provisions for employer and coemployee immunity contained in W.Va. Code §§ 23–2–6 and 6a (1994), workers' compensation is the exclusive remedy available to an injured employee, and an uninsured or underinsured motorist carrier has no liability.[3]

Thus, in the case now before us, the plaintiff may not assert a claim under the uninsured or underinsured motorist provisions of the policy issued by the defendant, Continental. Our answer to the certified question is no.

Certified Question Answered.

---

**3.** *See also State Farm Mutual Automobile Insurance Company v. Webb*, 54 Ohio St.3d 61, 64–65, 562 N.E.2d 132, 135 (Ohio 1990), in which the Supreme Court of Ohio reviewed the proper construction to be given to the phrase "legally entitled to recover" and concluded that "[a]n insurer is not liable to its insured on an uninsured motorist claim where the claim arises from an accident in which the tortfeasor-motorist causing the insured's injuries has liability insurance but is immune pursuant to the statutory fellow-employee doctrine, because the insured is not legally entitled to a recovery from the tortfeasor." *Id.* at syllabus.