ATLANTIC MUTUAL INSURANCE COMPANY, Plaintiff-Appellee, v. PHALLON PAYTON, Defendant-Appellant.

First District (4th Division)   No. 1—95—2424

Opinion filed June 30, 1997.

867

Karlin & Fleisher (Charles E. Tennen, of counsel), and David A. Novosel-sky & Associates (David A. Novoselsky and Margarita Kulys, of counsel), both of Chicago, for appellant.

Clausen Miller, P.C., of Chicago (James T. Ferrini, Lisa Marco Kaouba, and Mark D. Paulson, of counsel), for appellee.

JUSTICE CERDA delivered the opinion of the court:
This appeal involves a claim for uninsured motorist benefits. Phallon Payton, defendant in this declaratory judgment action, was injured while riding as a passenger in a van owned by his employer and driven by a coemployee. Defendant received workers' compensation benefits. Defendant then made a claim for uninsured motorist benefits under a policy issued by plaintiff, Atlantic Mutual Insurance Company, to defendant's employer. In the declaratory action filed by plaintiff, the circuit court of Cook County granted plaintiff's motion for judgment on the pleadings.

Defendant appeals from the judgment that found that defendant could not recover uninsured motorist benefits under the policy issued by plaintiff on the basis that Payton, who had received workers' compensation benefits for his injury, was not legally entitled to recover damages from his coemployee. Because Payton was injured while in the course of his employment, Payton claimed that his driver, a coemployee, was immune from suit under the Workers' Compensation Act (820 ILCS 305/1 *et seq.* (West 1994)) and therefore was uninsured under the uninsured motorist provision of Atlantic's automobile policy.

Payton argues on appeal that the exclusive-remedy provision of the Workers' Compensation Act (the Act) (820 ILCS 305/1 *et seq.* (West 1994)) did not make him ineligible for benefits under the insurance policy, which stated that the amount payable was only what the insured was "legally entitled to recover as compensatory damages from the owner or driver of an uninsured motor vehicle." On the other hand, Atlantic believes that, because workers' compensation recovery is the exclusive remedy provided under the Workers' Compensation Act, defendant is barred from seeking damages from his employer and coemployee. Atlantic states that, if Payton is not legally entitled to recover damages from his coemployee, he cannot recover damages from the owner of the vehicle, his employer. Defendant was not "legally entitled to recover" damages and therefore was not entitled to coverage under the uninsured motorist provision of the employer's insurance policy.

Payton recognizes *Williams v. Country Mutual Insurance Co.*, 28 Ill. App. 3d 274, 276-79, 328 N.E.2d 117 (1975), which upheld the denial of uninsured motorist coverage on the basis that the injuries arose out of employment. In that case, there was an uninsured motorist provision that provided that uninsured motorist coverage extended only in instances where the insured or his representative had a legal right to recover damages from the uninsured motorist. The court in *Williams* held that the Workers' Compensation Act precludes a common law action by an employee, for accidental injury sustained by such employee, against a coemployee, if the parties are covered by the provisions of the Act and the injury arose out of and in the course of their employment. *Williams*, 28 Ill. App. 3d at 276-77. Defendant argues that *Williams* was contrary to the Illinois Supreme Court's interpretation of the language "legally entitled to recover" in *Allstate Insurance Co. v. Elkins*, 77 Ill. 2d 384, 390-91, 396 N.E.2d 528 (1979).

In *Elkins*, 77 Ill. 2d at 390-91, the court held that the existence of interspousal immunity did not bar recovery by a wife under an uninsured motorist policy for damages sustained while riding as a pas-

senger in a vehicle driven by her husband. At that time, the interspousal immunity statute provided that "neither husband nor wife may sue the other for a tort to the person committed during coverture." Ill. Rev. Stat. 1973, ch. 68, par. 1. The court noted that the effect of the interspousal immunity doctrine was not to destroy the cause of action of the injured spouse but was to confer immunity on the tortfeasor spouse. *Elkins*, 77 Ill. 2d 384, 396 N.E.2d 528. The court also noted that the immunity was like a defense because it could be waived by the defendant spouse. *Elkins*, 77 Ill. 2d 384, 396 N.E.2d 528.

The court in *Elkins* interpreted the policy's phrase "legally entitled to recover" as meaning that the claimant must be able to prove the elements of her claim necessary to entitle her to recover damages. *Elkins*, 77 Ill. 2d at 390. The fact that statutory immunity might be invoked by an uninsured motorist was relevant to the question of the right to enforce payment but that did not affect the claimant's legal entitlement to recovery. *Elkins*, 77 Ill. 2d at 390.

Payton argues that the workers' compensation exclusivity provision was similar to interspousal immunity in being an affirmative defense that did not negate the essential elements of plaintiff's cause of action and argues that the immunity could be waived by the employer.

■ We find that *Elkins* is distinguishable because the Workers' Compensation Act does not just provide the employer with a defense of exclusivity but takes away from the employee the right to recover damages from his employer and coemployee. The Act provides:

> "No common law or statutory right to recover damages from the employer, his insurer *** or employees or any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provision of this Act ***." 820 ILCS 305/5(a) (West 1994).

The case before us differs from third-party cases, which do not involve employee, coemployee and employer relationships. Third-party cases dealing with spousal immunity or parental immunity deal with different policies and different approaches. The Workers' Compensation Act provides a remedy for injuries inflicted by negligent or intentional acts upon an employee. *Fregeau v. Gillespie*, 96 Ill. 2d 479, 483-86, 451 N.E.2d 870 (1983). When the legislature created spousal immunity, it did not create a remedy for an injured spouse. When the legislature took away common law tort actions between employers and employees and between coemployees, in return, as a trade-off, it provided a no-fault system of workers' compensation.

In Illinois the legislature created this exclusive remedy not only for employers and coemployees but also specifically and expressly for insurers.

We agree with the court in *Gray v. Margot, Inc.*, 408 So. 2d 436 (La. App. 1981), which pointed out that interspousal immunity is a personal defense that merely cuts off a right of action and conversely that the tort immunity provided under Louisiana's workers' compensation scheme denies a plaintiff a cause of action. In *Gray* the action would have been against a coemployee. The *Gray* court also believed that, unlike interspousal immunity, tort immunity under its workers' compensation statute is not personal to an employer and may be invoked by his insurer. *Gray v. Margot*, 408 So. 2d at 438.

In *Doyle v. Rhodes*, 101 Ill. 2d 1, 14, 461 N.E.2d 382 (1984), the supreme court held that an employer remains "subject to liability in tort" to an employee in spite of section 5(a) of the Act. The court reasoned that the Act provided an affirmative defense that must be established and that is waived if not asserted by the employer. *Doyle*, 101 Ill. 2d at 10. The supreme court held that the circuit court should not have dismissed the third-party complaint seeking contribution from the employer. *Doyle*, 101 Ill. 2d at 14. The case was decided under the Joint Tortfeasors Contribution Act (Ill. Rev. Stat. 1981, ch. 70, par. 301 *et seq.* (now 740 ILCS 100/0.01 *et seq.* (West 1996)). Defendant argues that *Doyle* is binding authority to hold that he is legally entitled to recover compensatory damages from his employer and that an affirmative defense admits the legal sufficiency of a cause of action.

We find *Doyle* distinguishable from this case. In *Doyle* the court had to decide between two public policies—one under the Workers' Compensation Act and the other under the Contribution Act. The supreme court decided that the public policy to allocate liability in proportion to fault was a stronger public policy and permitted contribution against the employer. We see no strong public policy in the provision in the Illinois Insurance Code on uninsured motor vehicle coverage (215 ILCS 5/143a (West 1994)) to override the exclusive remedy under the Workers' Compensation Act, which provides damages for injuries suffered. Also, in this case we have an insurance policy and the uninsured motor vehicle coverage act, whose wording is similar to the language in the Workers' Compensation Act (820 ILCS 305/5(a) (West 1994)): "[N]o common law or statutory *right to recover damages.*" (Emphasis added.) This indicates that the Workers' Compensation Act provides the exclusive remedy.

In contrast to *Doyle v. Rhodes*, wherein the court refused to dismiss a third-party complaint against the employer because an af-

firmative defense could be waived, the supreme court in the case of *Ramsey v. Morrison,* 175 Ill. 2d 218 (1997), held that the circuit court properly dismissed the third-party action against the plaintiff's coemployee for contribution.

*Kotecki v. Cyclops Welding Corp.,* 146 Ill. 2d 155, 165, 585 N.E.2d 1023 (1991), held that the employer's liability in contribution is limited to and will not exceed the employer's liability for workers' compensation benefits.

Defendant has already received workers' compensation benefits in the amount of $116,907. The limit of defendant's employer's liability under the Act has been reached. Paragraph D-2(a) of the policy is entitled "Limit of Insurance" and provides:

"2. Any amount under this coverage shall be reduced by:

a. All sums paid or payable under any worker's compensation, disability benefits or similar law ***."

Payton argues that the inclusion of this provision in the policy indicates that it was contemplated that the injured party may have received workers' compensation benefits from his employer. Therefore, the policy provides that Payton is entitled to recover damages under the policy that are to be reduced by the setoff of the benefits received in order to avoid a double recovery.

We do not find any ambiguity in the policy. The limitation or exclusion of coverage under paragraph D-2(a) does not grant coverage. Only the insuring clause entitled "coverage" grants coverage. We agree with Atlantic that paragraph D-2(a) applies where the insured employee who has been injured is entitled to recover damages from an uninsured stranger to the employment relationship.

Cases from other jurisdictions have dealt with the issue of liability between coemployees in attempting to obtain coverage under uninsured motorist statutes. In the case of *State Farm Mutual Automobile Insurance Co. v. Webb,* 54 Ohio St. 3d 61, 63, 562 N.E.2d 132, 134 (1990), the court stated:

"Likewise, in the case here, immunity under R.C. 4123.741 is 'conditioned' upon a determination that the co-employee is entitled to worker's compensation. At the point when the immunity is obtained, there is nothing at all conditional about it. Any claim filed after such immunity is established is ineffective against the party so protected."

In the case *sub judice,* Payton has received all of his workers' compensation benefits and is therefore barred from obtaining an additional remedy. In the case of *Fregeau v. Gillespie,* 96 Ill. 2d 479, 486, 451 N.E.2d 870 (1983), the supreme court stated:

"The employee here chose to obtain compensation under the

Act, which was designed to provide speedy recovery without proof of fault for accidental injuries. He is barred under the holding in *Collier* from bringing an action against his co-employee for civil damages."

Larson, a well-known author on the topic of workers' compensation laws, has noted:

"Ordinarily, for the uninsured motorist clause to operate in the first place, the uninsured third person must be legally subject to liability. Thus, if the third person is specifically made immune to tort suit by the compensation act's exclusive remedy clause, the uninsured motorist provision does not come into play." 2A A. Larson, Workmen's Compensation Law § 71.23(j), at 14—55 (Supp. 1987).

The case of *Peterson v. Kludt*, 317 N.W.2d 43 (Minn. 1982), makes clear the policy reason why a coemployee should not be able to sue a coemployee for tort damages. The court pointed out:

"We do not deem it material whether the statute intended, when passed, to cover this situation or not. One of the trade-offs in passing the Workers' Compensation Act was that one employee would not be eligible to sue another in a situation such as is presented here. To allow an employee to sue his fellow worker for negligence and thus permit his employer to be reimbursed from the recovery for workers' compensation benefits already paid is 'to shift tort liability from employer to fellow employee in a manner never intended by the workers' compensation system.' " *Peterson*, 317 N.W.2d at 48, quoting Minnesota Workers' Compensation Study Commission, *A Report to the Minnesota Legislature and Governor* 41 (1979).

In this case, the coverage clause states:

"We will pay all sums the insured is legally entitled to recover as compensatory damages from the owner or driver of an uninsured motor vehicle."

Atlantic Mutual, the employer's insurance carrier, stands in the shoes of both the driver and the owner of the uninsured motor vehicle. The accident took place during the course of employment. Payton has received workers' compensation benefits, and therefore he is barred from bringing a civil action for the same injuries against his coemployee, employer, and the insurer.

A reason that the driver is deemed uninsured is because the Workers' Compensation Act grants immunity from any liability towards a coemployee. Now Payton is trying to argue that the exclusive remedy and immunity protection provided by the Act do not apply. He cannot have application and nonapplication of the provisions of the Act at the same time.

Payton is in a better position to receive damages if his fellow employee is uninsured. This was explained in the case of *Perkins v. Insurance Co. of North America*, 799 F.2d 955, 959 (5th Cir. 1986), where the court stated:

"We also note that to hold INA liable in this instance would create the anomaly that Perkins would be better off with the driver uninsured than if the driver had carried an adequate personal liability insurance policy providing coverage for the driver's liability. If the driver had such a personal policy, then there could be no uninsured motorist claim by Perkins because the driver would be insured. However, in a suit against the driver, Perkins would not be able to preclude the operation of the exclusive remedy clause of Mississippi's worker's compensation statute because the driver could assert his co-employee immunity. [Citation.] Thus Perkins, under his argument, achieves a greater overall recovery than he would if the driver were adequately insured. We doubt that the uninsured motorist statute was intended to produce such a result."

We do not believe that the Illinois uninsured motorist statute intended to place Payton in a more advantageous position because his driver was uninsured under the Act. We agree with the court in *Perkins*.

The *Ramsey* court had to determine whether a third party sued by an injured employee may recover contribution from a coemployee who is immune from a direct suit by a fellow employee under section 5(a) of the Workers' Compensation Act. The court stated that, in balancing the policies of contribution and the immunity granted to coemployees under the Workers' Compensation Act, it believed that coemployee immunity must prevail over the third party's right to contribution. The court stated:

"In other words, the liability of the coemployee is paid by the employer in the form of workers' compensation benefits and the coemployee is immune from suit. In this manner, the system achieves the goal of placing the burden of employee injuries on the employer.

Allowing contribution to be recovered from a coemployee would entirely defeat the effect of the immunity granted to coemployees and would thereby defeat a central purpose of the Workers' Compensation Act." *Ramsey*, 175 Ill. 2d at 229.

In the case of *Wisman v. Rhodes & Shamblin Stone, Inc.*, 191 W. Va. 542, 543, 447 S.E.2d 5, 6 (1994), the plaintiff employee argued that the insurer must pay him uninsured motorist benefits that he was "legally entitled to recover" and that the insurer could not raise the workers' compensation bar as a defense to the policy's contractual obligations. The *Wisman* court held:

"We conclude that an employee who receives workers' compensation benefits for an injury that occurs within the course and scope of employment is not entitled to assert a claim for uninsured or underinsured motorist benefits. Because of the provisions for employer and coemployee immunity contained in W. Va. Code §§ 23—2—6 and 6a (1994), workers' compensation is the exclusive remedy available to an injured employee, and an uninsured or underinsured motorist carrier has no liability." *Wisman*, 191 W. Va. at 545-46, 447 S.E.2d at 8-9.

It is interesting to note that many of the statutes conferring immunity to protect parties do not expressly protect insurers. However, in the Workers' Compensation Act, the Illinois legislature has expressly included insurers along with employers and employees as being protected from tort actions. Insurers thus have the same rights as employers and employees.

■ The defendant in this case has not been left without a remedy. The defendant has received workers' compensation benefits. The employer and coemployee cannot be held liable for additional tort damages. Under *Kotecki v. Cyclops Welding Corp.*, 146 Ill. 2d 155 (1991), the employer cannot be held liable to a stranger to the employment relationship, a third party, for more money than the employee is entitled to receive under the Act. The employee has reached that limit in this case. Also, the uninsured motorist statute does not overcome the public policy of protecting employers and employees under the Workers' Compensation Act. The employer did not yield the protection provided under the Act when it purchased an uninsured motorist insurance policy. The uninsured motorist policy was purchased for protection when an employee is injured by a third party. The workers' compensation insurance policy was purchased to pay benefits when there is an injury to an employee during the course of employment. In this case, the coemployee's acts were not covered under Atlantic's insurance policy.

The judgment of the trial court is affirmed.

Affirmed.

BURKE, J., concurs.

PRESIDING JUSTICE WOLFSON, dissenting:

Before *Doyle v. Rhodes*, 101 Ill. 2d 1, 461 N.E.2d 382 (1984) was decided in 1984, we wondered how an employer could be "subject to liability in tort" under the Contribution Act. After all, section 5(a) of the Worker's Compensation Act seemed to bar an employee's action against an employer.

The supreme court's answer is clear:

> "The Workers' Compensation Act provides employers with a defense against any action that may be asserted against them in tort, but that defense is an affirmative defense whose elements— the employment relationship and the nexus between the employment and the injury—must be established by the employer, and which is waived if not asserted by him in the trial court." *Doyle*, 101 Ill. 2d at 10.

That is, says *Doyle*, an employee can sue an employer in tort. If the employer chooses, for some reason, not to assert the affirmative defense of section 5(a), the employee may obtain a judgment against the employer. We know that an employer may, by contract, relinquish the liability limitation set forth in *Kotecki. Braye v. Archer-Daniels-Midland Co.*, 175 Ill. 2d 201 (1977).

It follows, then, that Phallon Payton was "legally entitled to recover damages" from his employer unless and until the employer asserted a defense under section 5(a). Since the employer is not a party to this action, there is no one to assert the affirmative defense contained in section 5(a).

I agree that *Ramsey v. Morrison*, 175 Ill. 2d 218 (1997), bars an employee's negligence claim against a coemployee. But that case indicates a claim may be brought against the employer for his employee's negligence. Presumably, it would be up to the employer to assert the section 5(a) exclusivity bar. If, for some reason, he chooses not to, the case proceeds. At any rate, this is not a case where either an employee or a third party is suing an employer or a coemployee for an event covered by the Workers' Compensation Act.

I do not see why, as the majority believes, Atlantic Mutual "stands in the shoes of both driver and the owner of the uninsured motor vehicle." 289 Ill. App. 3d at 872. If Atlantic Mutual had wanted to bar an action like this one, it could have said so in its policy. Paragraph D-2(a) of the policy, contained in the "Limit of Insurance" section, recognizes coverage would be reduced by workers' compensation benefits. I do not read that language as an attempt to bar any coverage above and beyond Payton's recovery under the Workers' Compensation Act.

Payton should not be precluded from coverage under the terms of this uninsured motorist policy. He does not seek a double recovery. He seeks a full recovery.

I believe the majority decision unjustifiably diminishes the holding in *Doyle v. Rhodes*. For that reason, I respectfully dissent.