506 S.E.2d 615

William J. HENRY and Ruth Ann Henry,
Plaintiffs Below, Appellees,

v.

James K. BENYO, Defendant
Below, Appellee,

United States Fidelity and Guaranty
Insurance Company, Appellant.

No. 24015.

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 13, 1998.

Decided July 13, 1998.

Mary H. Sanders, Huddleston, Bolen, Beatty, Porter & Copen, Charleston, West Virginia, for the Appellant.

Joseph J. John, John Law Offices, John J. Pizzuti, Camilletti, Sacco & Pizzuti, Wheeling, West Virginia, for the Appellees, William J. Henry and Ruth Ann Henry.

DAVIS, Chief Justice:

The appellant herein, United States Fidelity and Guaranty Insurance Company [hereinafter USF & G], appeals the decision of the Circuit Court of Ohio County, entered December 2, 1996, denying USF & G's motion for declaratory judgment. Prior to USF & G's motion, the plaintiffs below and appellees herein, William J. Henry [hereinafter Henry] and Ruth Ann Henry, filed a civil action against the defendant below and appellee herein, James K. Benyo [hereinafter Benyo], wherein Henry sought to recover damages resulting from his motor vehicle accident with Benyo. In refusing to award USF & G declaratory judgment, the circuit court determined that, even though Henry had collected workers' compensation benefits for his injuries resulting from his motor vehicle accident

with Benyo, Henry also could seek underinsured motorist benefits, provided his judgment against Benyo activated such coverage, from Henry's employer's motor vehicle insurance carrier, USF & G, which insured the vehicle Henry had been operating at the time of the accident. Upon a review of the parties' arguments, the record evidence, and the pertinent authorities, we affirm the decision of the Circuit Court of Ohio County.

## I.

### FACTUAL AND PROCEDURAL HISTORY

The facts underlying this appeal are not in dispute. In October, 1995, the plaintiff below, William J. Henry, was employed by Savage Construction Company. Savage provided work-related injury coverage to its employees by subscribing to the West Virginia Workers' Compensation fund. On October 25, 1995, Henry was operating a crane, owned by Savage, in the course of his employment. A policy of motor vehicle insurance, which Savage had purchased from USF & G, was in effect with regard to this particular crane. While driving the crane, Henry was involved in a motor vehicle accident with the defendant below, James K. Benyo. Benyo was not an employee of Savage and had no connections with this company.

As a result of the accident, Henry sustained numerous injuries for which he requested and received workers' compensation benefits. In addition, Henry and his wife, Ruth Ann Henry, filed a lawsuit against Benyo, in the Circuit Court of Ohio County, seeking additional compensation for injuries arising from the accident. In conjunction with the lawsuit, Henry provided notice both to Savage and to the appellant herein, USF & G, that he may seek to recover underinsured motorist benefits under his employer's motor vehicle insurance policy with USF & G if his judgment against Benyo exceeded the limits of Benyo's automobile insurance coverage.

USF & G then filed a motion for declaratory judgment challenging Henry's right to receive underinsured motorist benefits from his employer's insurance policy given his receipt of workers' compensation benefits for the same injury.[1] Following a hearing, the circuit court, by order entered December 2, 1996, denied USF & G's motion and determined that Henry would be permitted to recover the disputed underinsured motorist benefits from his employer's insurance policy. The court first noted the relevancy of *Wisman v. Rhodes & Shamblin Stone, Inc.,* 191 W.Va. 542, 447 S.E.2d 5 (1994), to the instant case, but recognized that the precise issue before it had not been addressed in the *Wisman* decision. The court then explained that

> [e]ven though plaintiff was working within the scope and course of his employment at the time of the accident and notwithstanding W.Va.Code § 23–2–6, the Court is of the opinion that underinsured motorist benefits from plaintiff's employer's policy of insurance may be triggered to provide coverage for the vehicle in which plaintiff was driving at the time of the subject accident because plaintiff was injured as a result of a third-party, not a fellow employee.

In conclusion, the circuit court instructed that USF & G could seek a "full and final resolution of the declaratory judgment issue" before this Court and stayed all remaining matters pending the outcome of such an appeal. From this order, USF & G appeals to this Court.

## II.

### STANDARD OF REVIEW

This appeal is presented to this Court following the circuit court's denial of USF & G's motion for declaratory judgment. Declaratory judgment actions are permitted in order "to avoid the expense and delay which might otherwise result, and [to] secur[e] in advance *a determination of legal questions* which, if pursued, can be given the force and effect of

---

1. Henry represents that, after USF & G moved for declaratory judgment, he and his wife settled with Benyo's liability carrier for the full limits of his policy coverage, which equaled approximately $20,000. The record also indicates that USF & G waived its right of subrogation and consented to the Henrys' settlement with Benyo and his insurance company.

a judgment or decree without the long and tedious delay which might accompany other types of litigation." *Imgrund v. Yarborough,* 199 W.Va. 187, 189–90, 483 S.E.2d 533, 535–36 (1997) (emphasis in original) (internal quotations and citations omitted). Given the legal question context within which motions for declaratory judgment are decided, "[a] circuit court's entry of a declaratory judgment is reviewed *de novo.*" Syl. pt. 3, *Cox v. Amick,* 195 W.Va. 608, 466 S.E.2d 459 (1995).

## III.

## DISCUSSION

The sole issue presented by the parties to the instant appeal is whether an employee, who has been injured in a work-related motor vehicle accident involving a third-party nonemployee, may recover underinsured motorist benefits from his/her employer's motor vehicle insurance policy where the employee has received workers' compensation benefits for the same resultant injuries.

Opposing Henry's attempts to recover underinsured motorist benefits under Savage's motor vehicle insurance policy, USF & G advances two primary arguments. First, USF & G asserts that the provisions granting employers immunity from suit for injuries covered by workers' compensation extends to shield employers from liability for underinsured motorist benefits, under their policies of motor vehicle insurance, where workers' compensation coverage encompasses the accident activating such underinsured motorist benefits. In support of this argument, USF & G cites the immunity provisions of the workers' compensation statutes, contained in W.Va.Code § 23–2–6 (1991) (Repl.Vol.1994). Further buttressing this contention, USF & G relies upon this Court's prior decision in *Wisman v. Rhodes & Shamblin Stone, Inc.,* 191 W.Va. 542, 447 S.E.2d 5 (1994), wherein we determined, in Syllabus point 2, that the immunity provided to employers and coemployees by workers' compensation prohibits an employee, who has been injured in a work-related motor vehicle accident involving a coemployee and who has received workers' compensation benefits for his/her resultant injuries, from seeking additional benefits under his/her employer's underinsured motorist insurance coverage.[2] Additionally, USF & G tenders an unpublished decision from the United States District Court for the Southern District of West Virginia. In *Vandall v. Dunham,* the court determined that an employee, who was injured in a work-related motor vehicle accident with a third-party nonemployee and who had received workers' compensation benefits for his injuries, could not recover underinsured motorist benefits under his employer's motor vehicle insurance policy. No. 5:96–0550, 1997 WL 150092 (S.D.W.Va. Mar.26, 1997).

The second theory by which USF & G contends Henry's recovery of underinsured motorist benefits from Savage's insurance is precluded focuses upon the language contained in Savage's motor vehicle insurance policy. In this regard, USF & G represents that, because Henry cannot maintain a cause of action against Savage in recovery for his injuries resulting from his accident with Benyo, he likewise is not "legally entitled to recover" underinsured motorist benefits under Savage's insurance policy.

By contrast, Henry maintains that he is entitled to collect underinsured motorist benefits under Savage's motor vehicle insurance policy. He disputes the contention of USF & G that his recovery of underinsured benefits through Savage's insurance coverage would abrogate the workers' compensation immunity provisions which operate to insulate Savage from liability for the underlying motor vehicle accident. Instead, Henry maintains that Benyo, not Savage, is the party liable to Henry for the injuries he sustained as a result of the accident, and, consequently, he is not seeking to hold Savage liable in this regard. Moreover, Henry suggests that, once he has obtained a judgment against Benyo sufficient to activate Savage's underinsured motorist coverage, his collection efforts would be pursued against USF & G and not against Savage.

---

2. See *infra* text at page 619 for the complete text of Syllabus point 2 of *Wisman v. Rhodes & Shamblin Stone, Inc.,* 191 W.Va. 542, 447 S.E.2d 5 (1994).

Furthermore, Henry distinguishes this Court's decision in *Wisman* based upon the difference between the factual scenario addressed in that case and the context within which the case *sub judice* has arisen. Henry interprets *Wisman* as precluding an employee's recovery of underinsured motorist benefits from his/her employer's motor vehicle insurance coverage only when the underlying accident involved the employee and his/her coemployee, based upon the immunity provisions set forth in the workers' compensation statutes. As the accident giving rise to the instant appeal involved a nonemployee third-party, the basic rationale of *Wisman* has no application. Thus, Henry states that he is not precluded from seeking underinsured motorist benefits from Savage's USF & G policy.

Finally, Henry also addresses whether he is "legally entitled to recover" the underinsured motorist benefits in question. Contrary to USF & G's policy language argument, Henry contends that the relevant statutory and case law entitle him to such a recovery. *Citing* W.Va.Code § 33–6–31(b) (1995) (Repl.Vol.1996); Syl. pt. 4, *Marshall v. Saseen*, 192 W.Va. 94, 450 S.E.2d 791 (1994). As these provisions permit one to recover underinsured motorist benefits as long as he/she is "legally entitled to recover" from the underinsured motorist, and as Henry states that he is statutorily entitled to maintain his cause of action against Benyo, *citing* W.Va.Code § 23–2A–1(a) (1990) (Repl.Vol.1994); *Jones v. Laird Found., Inc.*, 156 W.Va. 479, 195 S.E.2d 821 (1973), he submits that he is "legally entitled" to collect the underinsured motorist benefits which he seeks from USF & G.

█ The precise issue presented by this appeal has not previously been decided by this Court: whether an employee, who is injured in a motor vehicle accident with a *third-party nonemployee* in the course and scope of the employee's employment, may recover under his/her employer's underin-

sured motorist insurance coverage after having received workers' compensation benefits for the injuries he/she sustained as a result of the accident. The employer's insurer, USF & G, emphatically denies that Henry has any right to receive such benefits as a result of this Court's prior decision in *Wisman v. Rhodes & Shamblin Stone, Inc.*, 191 W.Va. 542, 447 S.E.2d 5 (1994). With this theory of the case, however, we disagree. *Wisman* involved a somewhat analogous, albeit distinguishable, factual scenario: may an employee, who was injured as a result of a motor vehicle accident with a *coemployee* in the course and scope of the employee's employment, recover under his/her employer's uninsured motorist insurance after having received workers' compensation benefits for injuries resulting from the accident. In Syllabus point 2 of *Wisman* we held:

> An employee who receives workers' compensation benefits for injuries that result from *a motor vehicle collision with a coemployee* which occurs within the course and scope of employment is not entitled to assert a claim for uninsured or underinsured motorist benefits. Because of the provisions for employer and coemployee immunity contained in W.Va.Code §§ 23–2–6 and 6a (1994), workers' compensation is the exclusive remedy available to an injured employee, and an uninsured or underinsured motorist carrier has no liability.

191 W.Va. 542, 447 S.E.2d 5 (emphasis added). However, as this holding clearly articulates, the scope of the *Wisman* decision is limited to those motor vehicle accidents involving two employees. *Wisman* does not discuss the situation here at hand regarding motor vehicle accidents between an employee and a third-party nonemployee.

█ Finding *Wisman* to be inapplicable to our resolution of the case *sub judice*, we look for guidance to the statutory provisions governing motor vehicle insurance coverage generally.[3] W.Va.Code § 33–6–31(h) (1995)

---

3. In our examination and resolution of the issue presented by this appeal, we decline USF & G's invitation to rely upon the case of *Vandall v. Dunham*, No. 5:96–0550, 1997 WL 150092 (S.D.W.Va. Mar.26, 1997), as authority for our decision. Our reluctance stems from our previ-

ously articulated hesitation to rely upon decisions which the issuing court has not deemed suitable for official publication. *See, e.g.*, Syl. pt. 3, *Pugh v. Workers' Compensation Comm'r*, 188 W.Va. 414, 424 S.E.2d 759 (1992) ("Unpublished opinions of this Court are of no precedential

(Repl.Vol.1996) provides that "[t]he provisions of subsections (a) and (b)[4] of this section shall not apply to any policy of insurance *to the extent that it covers the liability of an employer to his employees under any workers' compensation law.*" (Emphasis added). When the legislative intent of a statute's terms is clear, we will apply, not construe, its plain language. In other words, " ' "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syl. Pt. 2, *State v. Epperly*, 135 W.Va. 877, 65 S.E.2d 488 (1951).' Syllabus point 1, *State v. Jarvis*, 199 W.Va. 635, 487 S.E.2d 293 (1997)." Syl. pt. 3, *Albright v. White*, 202 W.Va. 292, 503 S.E.2d 860 (1998). A review of this statutory provision suggests that the language clearly articulates the intent of the legislative drafters.

■ The plain language of subsection (h) prohibits an employee from collecting from his/her employer's underinsured motorist insurance coverage if his/her injuries are already covered by workers' compensation *and* if the accident is a result of the employer's or a coemployee's actions (*i.e.*, "the employer's liability"). Stated otherwise, if the employee's injuries were caused by the employer, a coemployee, or, possibly, by some inadvertence of the employee him/herself (as compared to a third-party stranger to the employment relationship) thereby rendering the employer "liable," or "at fault," for the accident, the employee cannot collect workers' compensation benefits and then seek an additional recovery from the employer just because the employer has motor vehicle insurance that coincidentally also covers the employee's injuries. Rather, the employee

is limited in his/her recovery to workers' compensation benefits because of the immunity provided to employers and coemployees by the workers' compensation statutes. *See* W.Va.Code § 23–2–6 (1991) (Repl.Vol.1994) (defining employer's immunity); § 23–2–6a (1949) (Repl.Vol.1994) (extending employer's immunity to coemployees of injured worker). *But see* W.Va.Code § 23–4–2 (1994) (Repl. Vol.1994) (nullifying employer's liability from suit where employer's "deliberate intention" contributed to work-related accident); *Mandolidis v. Elkins Indus., Inc.*, 161 W.Va. 695, 246 S.E.2d 907 (1978) (same), *superseded by statute as stated in Handley v. Union Carbide Corp.*, 804 F.2d 265 (4th Cir.1986).

We note also that this reading of subsection (h) as it relates to motor vehicle collisions between employees is consistent with our prior decision in *Wisman*. *See* Syl. pt. 2, 191 W.Va. 542, 447 S.E.2d 5. Were we to construe the statute otherwise, where a motor vehicle accident involves an employee and his/her employer or coemployee, to permit the injured employee to collect both from workers' compensation and from his/her employer's motor vehicle insurance carrier, we effectively would have allowed the employee to do indirectly what he/she is specifically and statutorily precluded from doing directly, *i.e.*, asserting a claim against his/her employer in contravention of the immunity provided by the workers' compensation statutes.

■ Where, however, an employee's work-related injuries are caused by a third-party, as in the accident between Henry and Benyo at issue in this appeal, subsection (h) does not apply because the employer is not "liable" for the accident.[5] In this scenario, it is the third-party who is technically "at fault"

---

value and for this reason may not be cited in any court of this state as precedent or authority, except to support a claim of *res judicata*, collateral estoppel, or law of the case.").

**4.** Subsections (a) and (b) of W.Va.Code § 33–6–31 (1995) (Repl.Vol.1996) pertain to motor vehicle liability coverage generally, and uninsured and underinsured motorist coverages specifically.

**5.** It should be noted, though, that where a person's injuries might be covered by an employer's underinsured motorist coverage but not by work-

ers' compensation (*e.g.*, a nonemployee spouse or family member of the employer; a nonemployee guest of the employer; an employee who is not injured in the course or scope of his/her employment or as a result of such employment (*i.e.*, an employee using a company vehicle for personal business); or an employee sustaining a work-related injury but who is not covered by workers' compensation (*i.e.*, an accident arising from an employer's "deliberate intention")), the language of subsection (h) does not appear to preclude the injured party from recovering such benefits under the employer's insurance policy.

for the collision and resultant damages. Therefore, while the employee may recover workers' compensation benefits for his/her injuries resulting from the accident which occurred in the course and scope of his/her employment, he/she is not statutorily barred from also pursuing his/her claims against the third-party as this individual does not enjoy the immunity afforded by the workers' compensation statutes. In fact, the injured employee is statutorily permitted to pursue his/her claims against the third-party tortfeasor:

> [w]here a compensable injury or death is caused, in whole or in part, by the act or omission of a third party, the injured worker, or if he or she is deceased or physically or mentally incompetent, his dependents or personal representative shall be entitled to compensation under the provisions of this chapter and shall not by having received same be precluded from making claim against said third party.

W.Va.Code § 23–2A–1(a) (1990) (Repl.Vol. 1994). Therefore, it is apparent from this permissive statute, and undisputed by the parties, that Henry can maintain his independent cause of action against Benyo.

■ Furthermore, this application of W.Va.Code § 33–6–31(h) complies with the language of another provision of this statute, W.Va.Code § 33–6–31(b) (1995) (Repl.Vol. 1996). In developing our jurisprudence of statutory construction, we have directed that statutes relating to the same subject matter, or subparts of the same statutory provision, should be construed consistently with one another. *See* Syl. pt. 5, *Ewing v. Board of Educ. of County of Summers,* 202 W.Va. 228, 503 S.E.2d 541 (1998) (" 'Statutes relating to the same subject matter, whether enacted at the same time or at different times, and regardless of whether the later statute refers to the former statute, are to be read and applied together as a single statute the parts of which had been enacted at the same time.' Syllabus point 1, *Owens–Illinois Glass Co. v. Battle,* 151 W.Va. 655, 154 S.E.2d 854 (1967)."). *See also* Syl. pt. 12, *Cox v. Amick,* 195 W.Va. 608, 466 S.E.2d 459 (1995). Subsection (b) requires an insurer providing underinsured motorist coverage to

> pay the insured all sums *which he shall legally be entitled to recover as damages from the owner or operator of an . . . underinsured motor vehicle* up to an amount not less than limits of bodily injury liability insurance and property damage liability insurance purchased by the insured without setoff against the insured's policy or any other policy.

Interpreting this language, we held in *Marshall v. Saseen* that:

> Under W.Va.Code, 33–6–31(b), an insurance carrier is statutorily required to pay to its insured, who has . . . underinsured motorist coverage, all sums *which the insured is legally entitled to recover as damages from the owner or operator of an . . . underinsured motor vehicle.* W.Va.Code, 33–6–31(b).

Syl. pt. 4, in part, 192 W.Va. 94, 450 S.E.2d 791 (1994) (emphasis added). As discussed previously, Henry has an undisputed statutory right to seek recovery from Benyo, the third-party tortfeasor chargeable with the motor vehicle accident giving rise to Henry's claims in this appeal. Thus, pursuant to subsection (b), Henry is "legally . . . entitled to recover" underinsured motorist benefits to compensate him for damages owing to him by Benyo. Consequently, the language of subsection (b), governing the recovery of underinsured motorist benefits, reinforces Henry's right to seek from USF & G those benefits arising from the motor vehicle accident for which Savage could not be held liable.

Accordingly, we find that the circuit court correctly determined that Henry may also recover from USF & G underinsured motorist benefits under his employer's motor vehicle insurance policy, provided Henry receives a judgment in his separate action against Benyo which would activate Savage's underinsured motorist coverage.[6] The reasons supporting this recovery are two-fold and do not improperly infringe upon the employer's statutory immunity for work-related injuries covered by workers' compensation. First,

---

**6.** As the issue is not presently before us, we decline to address whether Henry may also attempt to recover underinsured motorist benefits from his own motor vehicle insurance carrier.

the purpose of underinsured motorist coverage is not to satisfy a debt of the insured owner of the policy containing such coverage. Rather, by purchasing underinsured motorist coverage, the insured has attempted to protect him/herself from losses occasioned by another motorist's insufficient motor vehicle insurance coverage, where such other driver was at fault for the accident causing the damages incurred by the insured. *See* Syl. pt. 4, in part, *State ex rel. Allstate Ins. Co. v. Karl,* 190 W.Va. 176, 437 S.E.2d 749 (1993) ("An underinsured motorist carrier occupies the position of an excess or additional insurer in regard to the tortfeasor's liability carrier, which is deemed to have the primary coverage."). *See also Kronjaeger v. Buckeye Union Ins. Co.,* 200 W.Va. 570, 579, 490 S.E.2d 657, 666 (1997) ("[I]n short, underinsured motorist coverage is intended to compensate parties for injuries caused by other motorists who are underinsured." (internal quotations and citations omitted)); *Castle v. Williamson,* 192 W.Va. 641, 647, 453 S.E.2d 624, 630 (1994) ("Underinsurance coverage is an optional coverage that an insure[d] may purchase and is in the nature of excess coverage. It is not intended to be liability insurance.").

Furthermore, by paying the premiums for such coverage, the insured receives a benefit from his/her insurer that will be paid upon his/her procurement of a judgment against the other motorist sufficient to activate such coverage. *See* Syl. pt. 2, *State ex rel. Allstate Ins. Co. v. Karl,* 190 W.Va. 176, 437 S.E.2d 749 (quoting Syl. pt. 4, *State Auto. Mut. Ins. Co. v. Youler,* 183 W.Va. 556, 396 S.E.2d 737 (1990)). Because underinsurance is intended to benefit the insured and to supplement his/her recovery from another driver in order to "make whole" the insured, an employee's pursuit of underinsured motorist benefits from his/her employer's insurer cannot be said to be an abrogation of the employer's statutory immunity. In fact, the very nature of underinsured motorist coverage recognizes the comparative innocence of the insured holding such coverage, as the insurer, as part of its provision of such coverage, often and actively undertakes the defense of the other driver against whom a judgment in excess of his/her liability coverage limits is anticipated. *See* Syl. pts. 8 and 9, in part, *State ex rel. Allstate Ins. Co. v. Karl,* 190 W.Va. 176, 437 S.E.2d 749 (Syl. pt. 8, in part: "An underinsured motorist carrier may assume control of the litigation on behalf of the tortfeasor where the tortfeasor's liability carrier has declined to defend."; Syl. pt. 9, in part: "A liability carrier and an underinsured motorist carrier may agree to jointly defend an action by having their respective attorneys participate together in the defense.").

■ Second, equity, fairness, and justice require that an employee, who is involved in a motor vehicle accident with a third-party during the course and scope of the employee's employment, be permitted to recover, in addition to workers' compensation benefits, underinsured motorist benefits under his/her employer's motor vehicle insurance policy to compensate him/her for those losses that are not covered by workers' compensation (*e.g.,* pain and suffering, loss of enjoyment of life, loss of consortium, etc.). In order to protect and maintain the safety and well-being of his/her employees, an employer is required either to subscribe to the workers' compensation fund or to self-insure for potential work-related injuries incurred by the employer's employees. *See* W.Va.Code §§ 23–2–1, 23–2–9 (1995) (Supp.1997). An employer may also elect to obtain motor vehicle coverage for losses occasioned by underinsured motorists. Both of these insurances conceivably could provide benefits to the employer's employees if they sustained damages or injuries covered by these policies. Under the facts of this appeal, Henry has undisputedly collected workers' compensation benefits for his resultant injuries. Thus, the employee received the benefits occasioned by his employer's subscription to the workers' compensation fund. Likewise, Henry should be able to receive underinsured motorist benefits under Savage's motor vehicle insurance policy if the judgment he obtains against Benyo would permit such a recovery. Otherwise, the employer essentially would have paid for motor vehicle insurance from which its employees could never obtain a benefit.[7]

---

7. In reaching this decision, we note that other jurisdictions also have permitted an employee to

■ For these reasons, then, we hold that an employee who receives workers' compensation benefits for injuries that result from a motor vehicle collision with a third-party which occurs within the course and scope of the employee's employment is entitled to also assert, against his/her employer's motor vehicle insurance carrier, a claim for underinsured motorist benefits, where the employee's employer has in effect motor vehicle insurance providing underinsured motorist coverage [8] and where the employee's recovery against the third-party activates such underinsurance coverage.[9]

■ Despite Henry's ability to maintain his independent cause of action against Benyo to seek compensation for the injuries he occasioned as a result of this motor vehicle accident and to seek further remuneration, if warranted, from his employer's underinsured motorist coverage, we note that the State Workers' Compensation Commissioner is entitled to receive a portion of Henry's recoveries, if any, in satisfaction of moneys it paid to Henry as workers' compensation benefits for these injuries.

By the enactment of *W.Va.Code*, 23–2A–1 [1990], which provides that the Commissioner of Workers' Compensation "shall be allowed subrogation" when a workers' compensation claimant collects moneys from a third-party tortfeasor, the legislature expressly modified the usual, ordinary meaning of subrogation as it is used in that *Code* section by making the made-whole rule inapplicable. Therefore, the following provisions set forth by the legislature in *W.Va.Code*, 23–2A–1(b) [1990] shall be followed: "[T]he *commissioner* or a self-insured employer *shall be allowed subrogation with regard to medical benefits paid as of the date of the recovery:* Provided, That *under no circumstances shall any moneys received by the commissioner or self-insured employer as subrogation to medical benefits expended on behalf of the injured or deceased worker exceed fifty percent of the amount received from the third party* as a result of the claim made by the injured worker, his or her dependents or personal representative, after payment of attorney's fees and costs, if such exist." (emphasis added).

Syl. pt. 4, *Bush v. Richardson,* 199 W.Va. 374, 484 S.E.2d 490 (1997).

■ We note also that, regardless of the decision we have rendered or could have rendered in this case, the result of the Commissioner's subrogation rights would be the

---

recover underinsured motorist benefits from his/her employer's insurance policy for injuries resulting from a motor vehicle accident with a third-party nonemployee and for which the employee has received workers' compensation benefits. *See, e.g., Muller v. Tri–State Ins. Co. of Minnesota,* 252 Neb. 1, 560 N.W.2d 130 (1997); *Warner v. Continental/CNA Ins. Cos.,* 455 Pa.Super. 295, 688 A.2d 177 (1996). *But see, e.g., Bouley v. City of Norwich,* 222 Conn. 744, 610 A.2d 1245 (1992), *superseded by statute as stated in Conzo v. Aetna Ins. Co.,* 243 Conn. 677, 705 A.2d 1020 (1998); *National Union Fire Ins. Co. v. Figaratto,* 423 Mass. 346, 667 N.E.2d 877 (1996).

8. We stress that, by our holding today, we do not seek to require employers to provide underinsured motorist coverage in their policies of motor vehicle insurance which cover their business vehicles. This is so because *"underinsured* motorist coverage is optional and not legally required." *Imgrund v. Yarborough,* 199 W.Va. 187, 192–93, 483 S.E.2d 533, 538–39 (1997) (citations omitted). *See also* W.Va.Code §§ 17D–4–2 (1979) (Repl.Vol.1996) (establishing minimum limits of financial responsibility); 33–6–31(b) (1995) (Repl.Vol.1996) (requiring motorists to have *uninsured* motorist coverage in minimum amounts established by W.Va.Code § 17D–4–2,

but not mandating *underinsured* motorist coverage); *Deel v. Sweeney,* 181 W.Va. 460, 463, 383 S.E.2d 92, 95 (1989) (same).

9. We do not, by our decision today, consider whether the same result would obtain where the employer's motor vehicle insurance policy, in whole or in part, specifically precludes recovery of underinsured motorist benefits by the injured employee if he/she has received workers' compensation benefits for injuries resulting from the same accident. As the circuit court has not considered this issue in its decision of this case and as the parties have not raised this matter on appeal, we need not address further this hypothetical situation. *See* Syl. pt. 2, *Trent v. Cook,* 198 W.Va. 601, 482 S.E.2d 218 (1996) (" '[T]he Supreme Court of Appeals is limited in its authority to resolve assignments of nonjurisdictional errors to a consideration of those matters passed upon by the court below and fairly arising upon the portions of the record designated for appellate review.' Syl. Pt. 6, in part, *Parker v. Knowlton Constr. Co., Inc.,* 158 W.Va. 314, 210 S.E.2d 918 (1975)."); Syl. pt. 2, *Young v. Young,* 158 W.Va. 521, 212 S.E.2d 310 (1975) (same).

same: the State workers' compensation system would be entitled to recover, in subrogation, an amount not to exceed fifty percent of any sums recovered by Henry, from third-parties, as remuneration for medical benefits it has paid on his behalf. While this result seems to be patently unfair and to contravene simple logic, this outcome is indeed the one prescribed by the Legislature. Though equity dictates an injured employee should be permitted to obtain recoveries from varying sources to be "made whole" after his/her work-related accident, the Legislature has determined the right of the Commissioner to recover sums it has expended as workers' compensation benefits to be greater. As a Court charged with reviewing and interpreting the will of the Legislature, we are constrained to abide by its mandates and to refrain from creating "judicial legislation." Thus, the most appropriate tribunal to address and rectify these inequities is not the Supreme Court of Appeals of West Virginia but the Legislature of this Great State.[10]

## IV.

### CONCLUSION

In sum, we conclude that an employee may recover underinsured motorist benefits under his/her employer's motor vehicle insurance policy, where such policy provides underinsured motorist coverage, as a result of a motor vehicle accident between the employee and a third-party nonemployee, even though the employee has received workers' compensation benefits for his/her injuries resulting from the accident. Therefore, the decision of the Circuit Court of Ohio County is affirmed.

Affirmed.

---

**10.** We note that the motor vehicle insurance statutes also preclude Henry from receiving a windfall recovery by granting to insurers the right to subrogation. *See* W.Va.Code § 33–6–31(f) (1995) (Repl.Vol.1996). However, an insurer's right to subrogation resulting from underinsured motorist benefits it has paid does not become operative until the insured, to whom the underinsurance benefits were paid, has been fully compensated for his/her injuries and consequent damages. *See* Syl. pt. 11, *State ex rel. Allstate Ins. Co. v.*

*Karl,* 190 W.Va. 176, 437 S.E.2d 749 ("The right of subrogation in W.Va.Code, 33–6–31(f) (1988), is not available where the policyholder has not been fully compensated for the injuries received and still has the right to recover from other sources. Subrogation is permitted only to the extent necessary to avoid a double recovery by such policyholder." (no substantial changes to 1988 version of § 33–6–31(f) by 1995 amendment of this statute)).